In re TERENS.

(District Court, E. D. Wisconsin.   September 30, 1909.)

1. BANKRUPTCY (§ 407*)—DISCHARGE—OBJECTIONS—FALSE FINANCIAL STATEMENTS—TIME.

Where a bankrupt obtained property from a creditor on the faith of a false financial statement within four months prior to bankruptcy, the date of the statement was not material on the creditor's right to prevent a discharge under Bankr. Act July 1, 1898, c. 541, § 14b, 30 Stat. 550 (U. S. Comp. St. 1901, p. 3427), providing that obtaining property on credit from any person on a materially false statement in writing made to such person to obtain such property on credit shall be a bar to his discharge.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 407.*]

2. BANKRUPTCY (§ 407*)—DISCHARGE—FALSE STATEMENT.

Under Bankr. Act July 1, 1898, c. 541, § 14b, 30 Stat. 550 (U. S. Comp. St. 1901, p. 3427), providing that the obtaining of property on credit on a materially false written financial statement given for that purpose shall bar a discharge, it is no excuse that the statement was given by the bankrupt as a mere matter of form and with no intention to defraud.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 407.*]

3. BANKRUPTCY (§ 407*)—DISCHARGE—FALSE FINANCIAL STATEMENT—PARTNERSHIP.

A bankrupt, on behalf of a firm of which he was a member, made a false financial statement as a basis for credit, and thereafter purchased his partner's interest in the firm, taking all the assets and assuming all the liabilities. Held, that a creditor's right to prevent a discharge of the bankrupt because of such false statement was not affected by the fact that credit was extended to the firm, and not to the bankrupt.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 407.*]

In the matter of Nic H. Terens, bankrupt.   Heard on objections to the granting of a discharge.   Objections sustained.

Objections to the discharge are filed by the International Harvester Company of America (to be hereinafter designated as the Harvester Company). The specifications of objections may be briefly summarized as follows:

First. That the firm of Terens & Oswald entered into a commission contract with the Harvester Company, whereby the firm was to sell goods consigned to them on commission, the title to such goods to remain the property of said vendor. That while such contract was in existence, and on the 18th of December, 1907, the bankrupt on behalf of his firm made a property statement to the Harvester Company in writing and signed the firm name thereto, and his own name as a member of the firm, representing certain facts as to the financial standing of the copartnership "for the purpose of obtaining credit from you, or as a basis of credit for future business or extending past due indebtedness," etc.   This statement was made upon a printed blank furnished by the Harvester Company.   Opposite the printed interrogatory, "Owe bank (loan or overdraft)," there was written in pencil the word "None."   This blank was filled up by Mr. Jakle, an agent of the Harvester Company, from in-

formation given him by Mr. Terens as the several questions were read and propounded to him.

Evidence was offered showing that this statement was relied upon in shipping goods and extending credit to the firm. Within four months of bankruptcy goods were shipped by the Harvester Company to the firm, as it alleges, upon the strength of this continuing representation. At the time this property statement was made, the firm did owe the Bank of Two Rivers about $5,000. The Harvester Company also sold several bills of goods to the firm absolutely, and at the time of the bankruptcy there was due to the Harvester Company a considerable amount for such goods so sold outright to the firm. The Harvester Company filed a claim in the bankruptcy court for the entire amount claimed by it, including the commission and sales account, and such claim was allowed at $2,170. About a month before the bankruptcy the firm was dissolved; Mr. Oswald stepping out, and Mr. Terens assuming all liabilities and taking all assets. Before the bankruptcy an effort was made by the Harvester Company to collect the amount due from the bankrupt, and for that purpose an agent of the Harvester Company went with the bankrupt to the Bank of Two Rivers, where the situation of the firm was thoroughly examined, and an effort was made by the bankrupt to secure a loan sufficient to pay off the Harvester Company's claim. To facilitate such efforts the general agent of the Harvester Company extended the time for payment of the entire claim for 30 days. Before the expiration of this period a voluntary petition was filed by the bankrupt. When such extension was granted, the agent of the Harvester Company was in possession of the true state of affairs as to the indebtedness of the bankrupt at the bank.

The second specification was predicated upon the alleged embezzlement by the bankrupt of the proceeds of the sales of the commission goods; demand having been made therefor by the Harvester Company and refusal by the bankrupt.

On the hearing a large amount of testimony was taken, which disclosed the situation as hereinabove briefly summarized.

Wigman, Martin & Martin, for objecting creditor.
Isaac Craite, for bankrupt.

QUARLES, District Judge (after stating the facts as above). Section 14b of the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 550 [U. S. Comp. St. 1901, p. 3427]) provides in substance that obtaining property on credit from any person upon a materially false statement in writing, made to such a person for the purpose of obtaining such property on credit, shall be a bar to a discharge. It is contended by the bankrupt that, as the alleged false property statement was not made within the four months period, it therefore furnishes no just ground for objection. This doctrine seems to have been laid down by Mr. Brandenberg in his work on Bankruptcy (section 370), but no precedent is cited to sustain the text. It will be observed that Congress, in framing the third subdivision of section 14b, has not prescribed any limitation of time. This supposed omission cannot be attributed to oversight, because in the fourth subdivision of the same section such limitation is expressly prescribed. Of course, the court cannot interpolate a condition which Congress saw fit to omit. By a careful reading of the text, however, it would appear that the bar to the discharge is not the making of such false statement, but the obtaining of property on credit based upon such written statement.

It is matter of common knowledge that such property statements are frequently intended as a continuing representation for indefinite periods of time. I am of opinion that the date of the statement is im-

material, if property has in fact been obtained upon the strength of it within the four months period, as is the case here. We are not called upon to decide whether under any circumstances the four months limitation can be read into the third subdivision of section 14b, and merely hold that, where goods have been furnished and credit has been extended on the strength of such statement within four months of the bankruptcy, the date of the property statement should be held immaterial. There is no question here about the falsity or materiality of the representation. The bankrupt testified that he had nothing to do with the financial part of the business, and relied upon his partner for information as to everything shown by the books; but the bankrupt admits that he was well aware, at the time he signed his statement, that the firm was indebted to the Bank of Two Rivers in a considerable amount, although he might not have had the exact amount in mind.

It is urged that this property statement was considered by the parties as a mere matter of form, and that it was so designated by the agent of the Harvester Company at the time; that the bankrupt had no intention to defraud the Harvester Company, and was guilty of nothing more than negligence or carelessness in signing a paper without due consideration. These suggestions cannot, however, be accepted by the court in extenuation. The clause of the bankruptcy act that we are considering does not require that the false property statement shall have been made with any definite intention to defraud, or with any specific intent. Re Gilpin (D. C.) 160 Fed. 171.

Neither is the result changed by the fact that the credit was extended to the copartnership. Re Dresser (D. C.) 144 Fed. 318.

It therefore becomes unnecessary to consider whether the evidence makes out a technical case of embezzlement against the bankrupt, and also unnecessary to consider certain other legal questions that were mooted at the hearing.

The first objection must be sustained, and discharge denied accordingly.