GADDY et al. v. WITT et al. †

(Court of Civil Appeals of Texas. Austin. April 26, 1911. Rehearing Denied Nov. 29, 1911.)

1. PRINCIPAL AND· SURETY (§ 194*)—COSURE-TIES — CONTRIBUTION — SURETIES HELD — SURETIES WITHOUT JURISDICTION.

Sureties residing beyond the jurisdiction of the court are not considered in determining what cosureties shall be held to contribution.

[Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. §§ 605–623; Dec. Dig. § 194.*]

2. BANKRUPTCY (§ 426*)—DISCHARGE—DEBTS EXCEPTED—LIABILITIES FOR FRAUD.

Act Cong. Feb. 5, 1903, c. 487, § 5, 32 Stat. 798 (U. S. Comp. St. Supp. 1909, p. 1310), excepting from the effect of a discharge in bankruptcy any liability for obtaining property by false representations, excepts a liability incurred by obtaining another surety for the bankrupt by false representations.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 426.*]

3. BANKRUPTCY (§ 426*) — STATUTES — CONSTRUCTION—LIBERAL CONSTRUCTION.

Act Cong. Feb. 5, 1903, c. 487, § 5, 32 Stat. 798 (U. S. Comp. St. Supp. 1909, p. 1310), excepting from a discharge in bankruptcy any liability for obtaining property by false representations, should be liberally construed so as to prevent a discharge from relieving against a liability which would not exist but for the bankrupt's fraudulent conduct.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 426.*]

Appeal from District Court, McLennan County; Marshall Surratt, Judge.

Action by the First National Bank against J. Homer Gaddy, C. C. Gaddy, and others, in which J. H. Witt filed a cross-action against defendants named and another. From a judgment in favor of cross-complainant, the defendants J. Homer and C. C. Gaddy appeal. Affirmed.

W. L. Eason, for appellants.

KEY, C. J. On January 27, 1906, J. H. Witt, J. M. Gaddy, C. C. Gaddy, and Minor Moore executed a written guaranty, by which they guaranteed the payment of any existing or subsequent indebtedness of J. Homer Gaddy to the First National Bank located at Waco, Tex., not to exceed the sum of $2,000. On January 21, 1908, J. Homer Gaddy became indebted to the bank upon a promissory note executed by him, due 90 days after date, for the sum of $2,000. September 22, 1908, the bank instituted suit upon that note and the written guaranty. J. H. Witt and the heirs of J. M. Gaddy, who was then dead, were made parties defendant; and the insolvency of C. C. Gaddy and Minor Moore's residence outside of the state were assigned as reasons for not making them parties. Thereafter the defendant J. H. Witt paid the debt owing to the bank, and filed a cross-action against J. Homer Gaddy and C. C. Gaddy. Replying to that cross-action J. Homer Gaddy filed exceptions, a general denial,

and a plea of discharge in bankruptcy. The defendant Witt filed a supplemental plea, alleging, in substance, that his signature upon the written guaranty had been procured by certain false and fraudulent representations made by J. Homer Gaddy. He also alleged that subsequent to the latter's discharge in bankruptcy he had promised to pay the debt sued upon. There was a nonjury trial, which resulted in a judgment that the bank take nothing by its suit, that Witt recover from J. Homer Gaddy the amount paid by him to the bank with interest, and that he recover from C. C. Gaddy one-half of the amount he had paid to the bank, that recovery to be credited with one-half of whatever amount he collected from J. Homer Gaddy, and the two Gaddys have appealed.

The first assignment charges error in rendering judgment against J. Homer Gaddy, because the uncontradicted evidence shows that Witt never paid off Gaddy's note, but that the same was transferred to Witt and is still unpaid. Under that assignment appellant's brief quotes part, but not all, of the testimony of the president of the bank, to the effect that the papers which the bank held were transferred, without recourse, to appellee Witt. He also testified that Dr. Witt had executed his personal note for the amount owing to the bank, in consideration of which the bank had delivered and assigned, to Dr. Witt, J. Homer Gaddy's note and the written guaranty. In so far as the bank is concerned, the original note was paid, and we think Witt's cross-action was so framed as to entitle him to recover against the Gaddys upon the state of facts disclosed by the testimony.

The second assignment presents the same question with reference to the liability of C. C. Gaddy, and is disposed of in the same way.

[1] Under the third assignment, it is contended that error was committed in rendering judgment against C. C. Gaddy for one-half of the amount paid by Witt. Appellants' brief concedes that the record shows that the estate of J. M. Gaddy was insolvent; but contends that, there being no proof of the insolvency of Minor Moore, Witt was not entitled to contribution from C. C. Gaddy for more than one-third. The proof shows that Minor Moore resides out of the state. In settling the question of contribution between cosureties, the rule seems to be to exclude from the computation those who are insolvent or reside beyond the jurisdiction of the court. 32 Cyc. 286; 27 Am. & ·Eng. Ency. Law, 485. Hence we rule against appellants on this point.

[2] The act of Congress (Feb. 5, 1903, c. 487, § 5, 32 Stat. 798) relating to bankruptcy provides that all debts are dischargeable, except "liabilities for obtaining property by false pretenses or false representations." The

trial court found, and the evidence sustains the finding, that Witt's signature to the guaranty was obtained by the false and fraudulent representations pleaded by him; but appellants contend that such fraudulent conduct does not bring the case within the purview of the statute quoted. We hold to a different opinion.

[3] We think the statute referred to should be liberally construed so as to prevent the discharge in bankruptcy from relieving against a liability which would not exist but for the fraudulent conduct of the bankrupt. As before stated, we think the pleadings were broad enough to cover that phase of the case.

The court also found for Witt upon the theory of Gaddy's subsequent promise to pay, and it is contended that the testimony does not support that finding. We deem it unnecessary to decide that point, as affirmance can be rested upon the other ground.

No error has been shown, and the judgment is affirmed.

Affirmed.