GLEASON v. THAW.

(Circuit Court of Appeals, Second Circuit. April 8, 1912.)

No. 176.

BANKRUPTCY (§ 426*)—DISCHARGEABLE DEBTS—"PROPERTY" OBTAINED BY FRAUD—LEGAL SERVICES.

That a bankrupt induced plaintiff to render legal services for him by false representations as to his property did not prevent the bankrupt's discharge from operating as a release from liability for such services, they not constituting "property" within Bankr. Act July 1, 1898, c. 541, § 17a (2), 30 Stat. 550 (U. S. Comp. St. 1901, p. 3428), as amended by Act

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Feb. 5, 1903, c. 487, § 5, 32 Stat. 798 (U. S. Comp. St. Supp. 1911, p. 1496), excepting liabilities for property so obtained from the provable debts dischargeable in bankruptcy.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 787–791, 807; Dec. Dig. § 426.*

For other definitions, see Words and Phrases, vol. 6, pp. 5693–5728; vol. 8, pp. 7768–7770.]

In Error to the Circuit Court of the United States for the Southern District of New York.

Action by John B. Gleason against Harry K. Thaw. From a judgment overruling a demurrer to the first supplementary defense set up in the answer, and dismissing the complaint, with costs, plaintiff brings error. Affirmed.

John B. Gleason, in pro. per.
Abram J. Rose and Alfred C. Petté, for defendant in error.

Before COXE, WARD, and NOYES, Circuit Judges.

COXE, Circuit Judge. On June 28, 1906, the defendant, Harry K. Thaw, was indicted for murder committed in the city of New York. Briefly stated, the complaint alleges that in order to secure the services of the plaintiff as chief counsel, the defendant represented that he was the owner of an interest of at least $500,000 in the estate of his father and had an annual income of $30,000 in his own right. That relying upon these and other representations, the plaintiff consented to act as counsel for the defendant and performed services for him in that capacity which were worth the sum of $60,000 over and above all payments. The complaint charges that all of these representations were false and made with fraudulent intent. The defendant, among other defenses, pleaded in a supplementary answer, his discharge in bankruptcy by the District Court of Pennsylvania, dated December 29, 1910. To this the plaintiff demurs, insisting that the discharge is insufficient in law, the plaintiff's cause of action being liabilities for obtaining property by false representations. The demurrer was overruled and the plaintiff sues out a writ of error.

The identical question thus presented was involved in Gleason v. Thaw, 185 Fed. 345, 107 C. C. A. 463, 34 L. R. A. (N. S.) 894, decided February 24, 1911. The controversy was between the same parties and was decided adversely to Gleason. It may be that the court might have decided the proposition before them upon some other ground, but there can be no doubt that the question now under consideration was before the court and was decided by it. It is sufficient to state the language of the decision in the Pennsylvania case, as follows:

"The petition for review of this order in matter of law, under section 24(b) of the Bankruptcy Act, brings before us the single question, whether the debt sued for in the action brought by the petitioner against the bankrupt in the Circuit Court for the Southern District of New York was a liability for obtaining property by false pretenses or false representations, within the meaning of section 17(a) of the Bankruptcy Act as amended in 1903."

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The court considers this question at length and answers it in the negative, holding that the obtaining of legal services by false and fraudulent representations is not within the Bankruptcy Act for the reason that such services are not to be regarded as property. This decision cannot be considered as res judicata, for the reason that it is not pleaded.

The issue upon a demurrer must be confined to the sufficiency of the pleading attacked. The answer fails to allege the prior adjudication. The defense that a discharge has been granted is not equivalent to a defense that a judgment has been rendered in a proceeding between the parties, holding that the effect of the discharge is to bar this action. It is not unlikely that an application to amend the answer by pleading the decision of the Pennsylvania court would have been granted. It is enough, however, that no such amendment was made.

We are inclined to the opinion that the doctrine of stare decisis may be invoked with propriety. The Court of Appeals of the Third Circuit has decided that obtaining the services of the plaintiff valued at $60,000 by false and fraudulent representations of the bankrupt as to the amount and value of his property and income is not obtaining property by false pretenses or false representations, and that the claim of the plaintiff is barred by the discharge of the defendant in bankruptcy. If this question were presented as an original proposition, it is possible that we might take a different view. The construction for which the defendant contends discriminates against the lawyer, the physician, the teacher, and, indeed, every professional man whose capital is his brains and the time, labor and money spent in fitting him to perform services of the highest value to those who employ him. It is, we think, at least doubtful whether Congress intended to discriminate against the professional man and in favor of the business man, because, in the latter case, the bankrupt has obtained goods and in the former he has obtained services by false and fraudulent representations. Did not Congress by the use of the comprehensive word "property" intend to include both tangible and intangible property?

The question, as an original proposition, is not free from doubt. Much may be said in favor of the plaintiff's contention but it has been decided adversely to him upon the same facts by a court for whose judgments we have the highest respect and we are not so clearly persuaded that their judgment is erroneous as to justify us in disregarding the rule of comity which is peculiarly applicable to the present situation. Mr. Justice Brown, in Mast, Foos & Co. v. Stover Co., 177 U. S. 485, at page 488, 20 Sup. Ct. 708, at page 710 (44 L. Ed. 856), has given the most clear and comprehensive exposition of the rule of comity with which we are familiar. Referring to the duty of every judge to decide the case before him upon the law and the facts, he says:

"In doing so, the judge is bound to determine them according to his own convictions. If he be clear in those convictions, he should follow them. It is only in cases where, in his own mind, there may be a doubt as to the soundness of his views that comity comes in play and suggests a uniformity of ruling to avoid confusion, until a higher court has settled the law. It demands

of nt one that he shall abdicate his individual judgment, but only that deference shall be paid to the judgments of other co-ordinate tribunals. Clearly it applies only to questions which have been actually decided, and which arose under the same facts."

The foregoing quotation fairly describes our present attitude. We think there is sufficient doubt as to the accuracy of the plaintiff's contention to justify us in following the decision of the Third Circuit.

The judgment is affirmed.