In the Matter of the Examination of JOSEPH DUNFEE, Respondent, in.Proceedings Supplementary to Execution upon the Application of FRANK HASBROUCK, as Superintendent of Insurance and Receiver of the EMPIRE STATE SURETY COMPANY, Appellant.

**Bankruptcy — discharge in bankruptcy does not relieve a bankrupt from a judgment recovered against him by a surety company for obtaining a bond by false representations.**

Where a bond was obtained from a surety company by false representations and the company, having been compelled to pay the bond, thereafter sued the insured for false representations in obtaining the bond and obtained judgment against him for the penalty and interest, such judgment is not canceled by his discharge in bankruptcy under section 17 of the Bankruptcy Law which provides that a discharge shall not relieve a bankrupt from liabilities for obtaining property by false pretenses or false representations. (*Gleason* v. *Thaw*, 236 U. S. 558, distinguished.)

*Matter of Dunfee*, 173 App. Div. 1001, reversed.

(Argued October 3, 1916; decided October 17, 1916.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered May 24, 1916, which affirmed an order of the Onondaga County Court vacating a prior order in supplementary proceedings.

The facts, so far as material, are stated in the opinion.

The following question was certified: " Was the judgment, upon which this proceeding is based, discharged by the discharge in bankruptcy obtained by the judgment debtor ? "

*Benjamin Reass* and *Max Teff* for appellant. The debt upon which the judgment was obtained was not discharged by the debtor's bankruptcy. (*Friend* v. *Talcott*, 228 U. S. 27; Collier on Bankruptcy [9th ed.], 265; *Matter of Adler*, 140 Fed. Rep. 659; *Gaddy* v. *Witt*, 27 Am. B. R. 457; *Kingsley* v. *Merrill*, 67 L. R. A. 203; *State* v. *Patty*, 97 Iowa, 373; *People* v. *Ward*, 3 N. Y. Crim. Rep. 483; *People* v. *Phelps*, 72 N. Y. 334; *Bank* v. *People*, 91 N. Y. 5; *Brewing Co.* v. *Kehl*, 154 App. Div. 849; *People* v. *Warden*, 145 App. Div. 861.)

*William F. Canough* for respondent. The bond obtained by the said judgment debtor was not property within the meaning of subdivision 2 of section 17 of the Bankruptcy Law. (*Gleason* v. *Thaw*, 25 Am. B. R. 738; 28 Am. B. R. 473; 34 Am. B. R. 177; *Matter of Tanner*, 27 Am. B. R. 615; *First Nat. Bank* v. *Bamforth*, 37 Am. B. R. 315; *Connor* v. *Mayor, etc.*, 5 N. Y. 285; *Bristol* v. *E. L. Ins. Co.*, 52 Hun, 161; *Springfield* v. *Allen*, 43 N. Y. 395; *W. S. Bank* v. *Pugsley*, 47 N. Y. 368; *Sherman* v. *Elder*, 24 N. Y. 384; *People* v. *M. B. Ry. Co.*, 85 N. Y. 568; *Wynehamer* v. *People*, 13 N. Y. 396.)

CUDDEBACK, J. This proceeding involves the meaning of the word " property " in, section 17 of the Bankrupt Law. The Empire State Surety Company became surety on the bond of Joseph Dunfee for $27,000 and was compelled to pay $23,561.33 on account of Dunfee's default. The company then sued Dunfee for false representations as to his financial standing in obtaining the bond and recovered judgment against him for $27,669.53, the penalty of the bond with interest and costs.

Dunfee now asserts that this judgment against him was canceled by his discharge in bankruptcy. He alleges that obtaining the bond was not obtaining " property " within the meaning of the statute. That presents the question in the case.

Section 17 of the Bankrupt Law provides, "A discharge in bankruptcy shall release a bankrupt from all his provable debts except such as * . * * (2) are liabilities for obtaining property by false pretenses or false representations * * *."

The decision in the case so far has gone in favor of the judgment debtor, Dunfee, but I think that determination is erroneous and that the judgment was not discharged.

Obtaining the bond by false representations and paying the obligee the amount of the loss, should be regarded as all one transaction, which amounted to obtaining money by false representations within the Bankrupt Law. The Bankrupt Law does not require that the property shall be obtained by the bankrupt at the instant of making the false representations nor that it shall pass directly to the bankrupt. In criminal cases the rule relating to the crime of obtaining property by false representations is the same. (Commonwealth v. Harkins, 128 Mass. 85; 9 Halsbury's Laws of England, 698.) The parties in the case under consideration intended at the time the false representations were made that the bonding company should assume a contract of suretyship in Dunfee's behalf and they must have had in contemplation all the results that naturally follow from such a contract. So when the surety company paid the loss to the obligee in fulfillment of its obligation the law implied that the payment was at the request of Dunfee, and this implication arose from the contract of suretyship itself.

As was said in Garr v. Martin (20 N. Y. 306, 309), "Where one person advances money for another, in payment of the debt of the latter, it is deemed at the instant of its payment, to be the money of the party for whose benefit the payment is made; so that in the eye of the law the debt is satisfied, not by the money of a third party, but by that of the debtor himself."

It is suggested that the allegations of the complaint are not broad enough to permit a recovery by the plaintiff

on the ground stated herein. The complaint says: "The defendant (Dunfee) with the intent and for the purpose of inducing the plaintiff to execute, seal and deliver the said bond" made the false representations complained of, and that the plaintiff relying thereon "did execute, seal and deliver the said bond."

As has been said, the request for the bond included a request to the surety to assume the obligation contained in the bond. The bond of itself was of no value to Dunfee or anybody else. It was the guaranty in the bond and what the guaranty imported that was of value and was obtained.

The complaint sets forth in addition to what has been quoted all the facts pertaining to the issuance of the bond and the payment of the loss, and it should be regarded as sufficient.

The defendant relies on the case of *Gleason* v. *Thaw* (236 U. S. 558, 561), which holds that securing the services of an attorney at law by false representations is not obtaining "property" within section 17 of the Bankrupt Law. The court there says that the word property in section 17 is used in its popular sense, and means "something subject to ownership, transfer or exclusive possession and enjoyment." The difference between *Gleason* v. *Thaw* and the case under consideration is obvious. The services of an attorney are, of course, not property of a tangible nature, but here, if I am right, the bankrupt obtained money by his fraudulent representations. Congress did not intend by the Bankrupt Law to relieve a debtor from liabilities of that character.

I, therefore, recommend that the order appealed from be reversed, with costs, and that the question certified to this court by the Appellate Division be answered in the negative.

WILLARD BARTLETT, Ch. J., HISCOCK, CHASE, CARDOZO and POUND, JJ., concur; HOGAN, J., not sitting.

Order reversed, etc.