## In re BAUKNIGHT.

(District Court, S. D. Florida. September 20, 1926.)

No. 2921.

1. Bankruptcy ⬳407(1)—Failure to file schedules in time specified not ground for denying discharge (Comp. St. §§ 9591, 9613).

Failure of bankrupt to file schedules within 10 days after adjudication, as required by Bankruptcy Act, § 7(8), being Comp. St. § 9591, not being denounced as a crime by section 29b (Comp. St. §§ 9613), does not constitute good ground for objection to discharge.

2. Bankruptcy ⬳413(3)—Specification of objection to discharge, not setting out false statement on which money obtained, insufficient.

Specification of objection to bankrupt's discharge, alleging that bankrupt obtained money on materially false statement, but not showing such statements, was insufficient.

3. Bankruptcy ⬳407(1)—Bankrupt, refusing to answer material question approved by court, not entitled to discharge (Comp. St. § 9598).

Under Bankruptcy Act, § 14b(6), being Comp. St. 9598, bankrupt, refusing to answer material question approved by court, is not entitled to discharge, though refusal was on claim of constitutional privilege.

In Bankruptcy. In the matter of Nellie M. Bauknight, trading as the Bauknight Realty Company. On motion of bankrupt to strike specifications of objection to discharge. Motion denied as to one specification, and sustained as to others.

S. Bryan Jennings, of Jacksonville, Fla., for bankrupt.

Wm. T. Stockton, of Jacksonville, Fla., for petitioning creditors.

CALL, District Judge. This cause comes on for a hearing upon the motion of the bankrupt to strike the specifications of objection to the discharge of the bankrupt. These specifications of objection were filed by Clarice N. Steiner and are five in number. I understand from the counsel in argument that the motion to strike the second specification is abandoned.

G. D. Corbett filed specifications of objection to the discharge of the bankrupt. This specification is not verified as required by the Bankruptcy Act (Comp. St. §§ 9585–9656), but the specification is virtually the same as No. 5 of Clarice N. Steiner.

[1] The first specification is that the bankrupt committed an offense punishable by imprisonment under the Bankrupt Act, in that she did not file schedules within 10 days after adjudication, as required by section 7 (8), being Comp. St. § 9591. I do not find this failure denounced as a crime in section 29b (Comp. St. § 9613). The motion to strike this specification will be granted.

[2] The third and fourth specifications are that the bankrupt obtained money on materially false statements, without showing the statements on which the money was obtained. These two specifications are insufficient, and the motions to strike same must be granted, unless the creditor is granted leave to amend by making a sufficient statement of the specifications.

[3] The fifth specification is that the bankrupt refused to answer a material question approved by the court. The questions referred to in this specification were such that the bankrupt claimed her exemption from answering because the answers would tend to incriminate her. This she could do, and thereby deprive the bankruptcy court of the light that might have been thrown by such answers in administering the assets of the estate. It was her constitutional privilege. But can she have a discharge after having done so? I think not. The discharge of the bankrupt from provable debts is a privilege, granted in all cases except for the reasons and grounds set out in section 14b(6) of the act (Comp. St. § 9598).

The bankrupt, if he desires a discharge, must answer all material questions approved by the court in the bankruptcy proceedings, whether they would tend to incriminate him or not, or by his refusal he forfeits the right to discharge. The motion to strike the fifth specification will be denied.

As before noted, the specification of G. D. Corbett is not so worded as to constitute a good specification of objection. It is apparent that the same question as is raised in specification No. 5 above discussed is sought to be raised. The motion to strike will be granted, but said specification may be amended upon leave of the court first had.

It will be so ordered.