**In re McLAUGHLIN.**
**No. 18430.**

District Court, W. D. New York.
July 5, 1933.

Herrick & Leet, of Jamestown, N. Y., for bankrupt.

John M. Roach, of Jamestown, N. Y., for petitioner.

KNIGHT, District Judge.

Francis J. McLaughlin was adjudicated a bankrupt on the 25th day of May, 1932. His petition for discharge was filed February 8, 1933. On March 23, 1933, Maytag Acceptance Corporation filed objections to the granting of the discharge, setting forth: First, that the bankrupt committed an offense punishable by imprisonment under the Bankruptcy Act (11 USCA), in that he knowingly and fraudulently made a false oath and rendered a false account in and in relation to his proceedings in bankruptcy; second, that bankrupt obtained money and property on credit by making, publishing, or causing to be made or published, a materially false statement in writing respecting his financial condition; third, that bankrupt has failed to explain satisfactorily losses of assets and the deficiency of assets to meet his liabilities; fourth, that with intent to conceal his true financial condition he failed to keep books of account or record and has destroyed or concealed books of account and record from which such financial condition might be ascertained.

The objecting creditor bases his specifications upon the following facts: The bankrupt stated in the course of an examination that he had made a sale of a washing machine to Clifford Olson or R. E. Olson of 20 East Fifth street, Jamestown, N. Y. The creditor has been unable to find that any person by either of these names resided at that address at the time the sale was purported to have been made. The only Olson who resided there had never had any dealings with the bankrupt, but stated that the machine had been delivered with the consent of the janitor for the purpose of storage. The bankrupt negotiated a certain contract of conditional sale, dated the 29th day of September, 1931, signed by one Ira Olson of 20 East Fifth street, Jamestown, purporting to cover the machine sold. Payments were to be made in certain installments, but only one payment was made subsequent to the down payment. Neither the machine nor the purchaser can now be located by the creditor. Bankrupt also testified that he had made a

sale of eighteen washing machines to one Angelo George. These machines had been held by the bankrupt under contracts of conditional sale. In November, 1931, an inventory taken by the creditor showed a shortage, of these machines, the total valuation being $1,100. The creditor accepted a settlement consisting of $450 cash and notes in the amount of $650, but signed by Angelo George. Said Angelo George has denied purchase of more than one machine and stated that he gave the above-mentioned notes merely as accommodation maker for the bankrupt.

Bankrupt has moved for dismissal of the objections, or in the alternative for an order requiring them to be made more definite and certain on the ground that the objecting creditor has been dilatory and has unreasonably failed to bring them on for hearing; that the specifications for objections are insufficient in law, without foundation of fact, are not separately stated and numbered, and are indefinite, uncertain, and fraught with duplicity; that the allegation to the effect that the bankrupt has committed an offense under the Bankruptcy Law (11 USCA) is not sufficiently alleged as a matter of law; and that the allegation that bankrupt has failed to keep and has concealed or destroyed books or records of account is wholly false and without foundation of fact.

 Specifications of objections to discharge must set forth the essential facts alleged to operate in bar of the discharge. In re Bauknight (D. C.) 14 F.(2d) 674; In re Ruhlman (C. C. A.) 279 F. 250. The creditor has clearly failed to allege facts sufficient to sustain the third objection inasmuch as the allegation is merely in the language of the statute and does not apprise the bankrupt of the charge against him so as to enable him to meet it. In re Grossberg (D. C.) 11 F.(2d) 329; In re Wood (D. C.) 283 F. 565. The fourth objection is insufficient, since it alleges only that bankrupt has failed to keep books of account or record from which his financial conditions might be ascertained without specifying in what particulars the bankrupt so failed. In re Lewis (D. C.) 163 F. 137; In re Nathanson (D. C.) 155 F. 645; In re Peck (D. C.) 120 F. 972; In re Frey (D. C.) 9 F. 376; In re Graves (D. C.) 24 F. 550. It is insufficient, also, to allege that such books of account or record have been destroyed or concealed without stating specific facts descriptive of such records. In re Feuer (C. C. A.) 4 F.(2d) 892; E. H. Godshalk Co. v. Sterling (C. C. A.) 129 F. 580; In re Milgraum & Ost (D. C.) 129 F. 827.

In view of the fact that the bankrupt discounted the Olson contract with the objecting creditor, the examination in regard thereto was entirely relevant as it related to security given for an indebtedness and the question of the falsity of the statements made should be heard by the referee. Similarly, the question in regard to the sale of eighteen washing machines to Angelo George should be decided on the reference. Taking the facts stated in the objections as true for the purposes of this motion, I also find that the second objection sufficiently sets forth that the bankrupt has obtained money or credit by making or publishing a materially false statement in respect to his financial condition and should likewise be heard by the referee.

It is ordered that the objections Nos. 3 and 4, supra, be made more definite and certain and that it be referred to Joseph C. White, as special master, to hear evidence touching the objections aforesaid and make his report to the court.