FIDELITY & DEPOSIT CO. OF MARYLAND *v.* ARENZ.

No. 1. Argued October 10, 1933.—Decided November 6, 1933.

*Mr. John Lichty*, with whom *Mr. Elton Watkins* was on the brief, for petitioner.

*Mr. John C. Veatch* submitted for respondent.

Mr. Justice Butler delivered the opinion of the Court.

In 1929 respondent, for the purpose of procuring a contract with Oregon for highway construction and in compliance with applicable statutes (§§ 49-701 and 67-1101, Oregon Code, 1930), gave to the State a bond on which petitioner was surety conditioned that he would pay for labor and material entering into the work. He failed, and one who had furnished him labor and material sued on the bond and obtained a judgment for $10,000 against

**68**

principal and surety jointly. Petitioner paid and took an assignment of the judgment. In 1931 respondent, having been adjudged bankrupt, applied for discharge from his debts including that due petitioner on account of such payment. Petitioner filed objections showing that respondent induced it to become surety by means of materially false written statements in respect of his financial condition. Respondent demurred. The district court sustained the demurrer and entered a decree of discharge. The Circuit Court of Appeals affirmed, 61 F. (2d) 607, following decisions of district courts in that circuit. *In re Tanner,* 192 Fed. 572, and *In re Ford,* 14 F. (2d) 848.

The Bankruptcy Act, § 14 as amended, 11 U.S.C., § 32 (b) (3), requires denial of discharge if the bankrupt " obtained money or property on credit . . . by making . . . a materially false statement in writing respecting his financial condition." Petitioner's obligation was given in behalf of respondent and inured to his benefit. It was a means by which he procured the contract and was security for the payment of his indebtedness incurred for labor or material required to do the work. But respondent insists that the bond is not property and that his fraud in obtaining it is not within the condemnation of clause (3). " Property " is a word of very broad meaning, and when used without qualification, expressly made or plainly implied, it reasonably may be construed to include obligations, rights and other intangibles as well as physical things. *Delassus* v. *United States,* 9 Pet. 117, 133. *Pritchard* v. *Norton,* 106 U.S. 124, 132. *Bryan* v. *Kennett,* 113 U.S. 179, 192. *Pirie* v. *Chicago Title & Trust Co.,* 182 U.S. 438, 443. *Farmers Loan Co.* v. *Minnesota,* 280 U.S. 204. *In re Louisville Nat. Banking Co.,* 158 Fed. 403. *Samet* v. *Farmers' & Merchants' Nat. Bank,* 247 Fed. 669. *Royal Indemnity Co.* v. *Cooper,* 26 F. (2d) 585, 587. *Matter of Dunfee,* 219 N.Y. 188; 114 N.E. 52. *Dunlap* v. *Tol., A. A. & G. T. Ry.,* 50 Mich. 470, 474; 15 N.W. 555.

*Cincinnati* v. *Hafer,* 49 Oh. St. 60, 65; 30 N.E. 197. *Dillingham* v. *Insurance Co.,* 120 Tenn. 302, 315; 108 S.W. 1148. For the meaning rightly here to be given the word, regard is to be had to the statute and connection in which it is found. *Nashville, C. & St. L. Ry. Co.* v. *Tennessee,* 262 U.S. 318, 323. *Wells Fargo & Co.* v. *Jersey City,* 207 Fed. 871, 876. The Act, while making discharge of bankrupts the general rule, conditions the grant upon adherence by every applicant to the standards of honesty and fair dealing in business transactions that are required or reflected in § 32 (b) (1), (2), (3), (4), (6), (7). The fraud perpetrated by respondent is of the kind condemned. Giving effect to the rule that legislative intent controls, it is plain that " property " includes petitioner's obligation according to the terms of the bond to pay respondent's debts. *Matter of Dunfee, supra. Gaddy* v. *Witt* (Tex. Civ. App.) 142 S.W. 926. *Royal Indemnity Co.* v. *Cooper, supra.* In *Gleason* v. *Thaw,* 236 U.S. 558, this court held that the professional services of an attorney were not within § 17 (2), which excepts from the general discharge liabilities for property obtained by false pretenses. That was a close case. See 185 Fed. 345, 196 Fed. 359. The principle of construction there applied may not reasonably be extended to this one.

It remains to be considered whether the respondent obtained petitioner's obligation " on credit." Principal and surety must be held to have had in contemplation all liabilities that naturally might arise from such a contract. *Matter of Dunfee, supra.* Respondent was bound by agreement, implied by law if not expressly made, that he would make good to petitioner whatever the latter as such surety might be required to pay. Petitioner gave its obligation, not for the premium alone, but also in consideration of respondent's promise to reimburse it. Having regard to the results that at the beginning the parties were reasonably bound to anticipate, it is clear that respondent

obtained, and peitioner gave, the bond and obligation on credit. See *Swarts* v. *Siegel,* 117 Fed. 13, 17. *Kobusch*·v. *Hand,* 156 Fed. 660, 662. While clause (3) seems aimed particularly at false pretenses made by borrowers and purchasers to obtain money or goods on credit (*Firestone* v. *Harvey,* 174 Fed. 574, 577), it is not limited to such transactions. Respondent's application for discharge should have been denied.

*Reversed.*