**THOMAS et al. v. WINSLOW et al.**

**No. 1971.**

District Court, W. D. New York.

Sept. 14, 1935.

Kenneth B. Keating, of Rochester, N. Y., for plaintiffs.

Lightner, Hanley, Crawford, Sweeny & Dodd, of Detroit, Mich. (Joseph H. Morey and Holland V. Williams, both of Buffalo, N. Y., and Donald N. Sweeny, of Detroit, Mich., of counsel), for defendants.

RIPPEY, District Judge.

The Kellogg Manufacturing Company was incorporated under the laws of the state of New York, and has its principal place of business in the city of Rochester, N. Y. On March 21, 1935, an involuntary petition in bankruptcy was filed against it in the Western District of New York. The alleged bankrupt filed an answer on April 5, 1935, by which it seeks relief under the provisions of section 77B of the Bankruptcy Act (11 USCA § 207), alleging that it desires to effect a plan of reorganization. The answer was approved, and Herbert B. Thomas and Joseph F. Weller were thereupon duly appointed trustees of the debtor. They qualified and are still acting as such trustees.

On June 26, 1935, the court in which the reorganization proceedings are pending directed that a subpœna issue in the above-entitled action, and that the same, with the bill of complaint, be served on the defendants, who are residents of the state of Michigan. Defendant Dallas E. Winslow, Inc., was incorporated under the laws of the state of Michigan and has its principal office at Flint, Mich. The subpœna was served on defendants in Michigan. This motion challenges the jurisdiction of this court to issue the subpœna or to entertain the action.

Plaintiffs set up two causes of action in the bill of complaint. In both, defendant Dallas E. Winslow is alleged to own or control all or substantially all of the capital stock of the defendant corporation, and to be the president and chief executive officer thereof. It is alleged that Winslow was elected a director, and the president and treasurer of the Kellogg Manufacturing Company on April 4, 1933, and acted as such until April 5, 1935. In the first cause of action defendants are alleged to have wrongfully appropriated and converted to their own use $34,031.61 of moneys belonging to the Kellogg Company during the period while Winslow was its president. In the second cause of action defendants are alleged to have elected their own employees as directors and officers of the Kellogg Company, so that, during the period aforesaid, "all the corporate acts of the Kellogg Manufacturing Company were exclusively controlled, supervised and under the exclusive management and control of said defendant Dallas E. Winslow, his nominees and dummies," and it is alleged that from and after April 1, 1933, the company was insolvent and known to defendants to be insolvent, that the defendants, for the purpose of defrauding the Kellogg Manufacturing Company and its creditors, illegally caused to be paid to persons not entitled thereto upwards of $60,000 of moneys belonging to the corporation, and defrauded the corporation thereby. Plaintiffs ask for an accounting from defendants and for repayment by defendants of the moneys thus illegally diverted or misappropriated to their own use.

Section 77B, subd. (a), of the Bankruptcy Act (11 USCA § 207 (a), provides that "the court in which such order approving the petition or answer is entered shall, during the pendency of the proceedings under this section, have exclusive jurisdiction of the debtor and its property wherever located for the purposes of this section." Section 77A (11 USCA § 206) provides that the jurisdiction provided in section 77B is in addition to that conferred on courts of bankruptcy by previously enacted provisions of the Bankruptcy Act. By the above provisions, Congress has extended the jurisdiction of the District Court having control of the proceeding for reorganization so that it may reach out beyond its geographical boundaries and may deal, without the necessity of ancillary proceedings in other Districts, with the property of the debtor wherever situate, whether held adversely or otherwise, if such action is necessary to effect a reorganization or if failure to take such action would hinder, delay, or make ineffective the efforts of the debtor and a majority of its creditors to promptly effectuate a plan of reorganization. In re Greyling Realty Corporation (C. C. A.) 74 F.(2d) 734; In re Prudence Bonds Corporation (C. C. A.) 75 F.(2d) 262; Continental Illinois National Bank & Trust Co. v. Chicago, Rock Island & Pacific R. Co., 294 U. S. 648, 55 S. Ct. 595, 79 L. Ed. 1110.

It is asserted that defendants have wrongfully taken thousands of dollars of the debtor's property. This money, if wrongfully taken, and if returned, might well be a determining factor in any plan for reorganization. The right of the debtor to its return is a chose in action and is property within the meaning of the Bankruptcy Act (Soulard v. United States, 4 Pet. [29 U. S.] 511, 7 L. Ed. 938; Dillingham v. Traders' Insurance Co., 120 Tenn. 302, 108 S. W. 1148, 16 L. R. A. [N. S.]

220; Fidelity & Deposit Co. of Maryland v. Arenz, 290 U. S. 66, 54 S. Ct. 16, 78 L. Ed. 176), and such property, although being still an unliquidated claim, is locally situate and in the possession of the Kellogg Manufacturing Company.

The present suit is an independent suit by the trustees, as distinguished from an auxiliary proceeding within the bankruptcy proceedings proper. Prior to the enactment of section 77A and section 77B of the Bankruptcy Act (11 USCA §§ 206, 207), the distinction between proceedings within the bankruptcy proceeding proper and independent suits between assignees or trustees in bankruptcy and adverse claimants was well established (Schumacher v. Beeler, 293 U. S. 367, 55 S. Ct. 230, 79 L. Ed. 433; Chandler v. Perry [C. C. A.] 74 F. (2d) 371), and jurisdiction of the bankruptcy court was limited to controversies relating to property in the actual· or constructive possession of the bankrupt. Weidhorn v. Levy, 253 U. S. 268, 40 S. Ct. 534, 64 L. Ed. 898; Taubel-Scott-Kitzmiller Co. v. Fox, 264 U. S. 426, 44 S. Ct. 396, 68 L. Ed. 770. It is asserted by defendants that the defendants are "adverse claimants," that defendants have not consented to this suit, and, under those circumstances, the jurisdiction of the court must be limited to the issuance of process within its local territorial jurisdiction, within the authority of the case of Schumacher v. Beeler, supra. There seems to be no case in which this precise question has been passed upon since sections 77A and 77B were added to the Bankruptcy Law. If it were necessary to decide that question here, it would seem that the jurisdiction of the court must now necessarily extend to such a suit, beyond the limits of section 23 of the Bankruptcy Act (11 USCA § 46), unless the purpose of Congress in enacting the reorganization provision is rendered futile. As is said in the case of the Continental Illinois National Bank & Trust Co. v. Chicago, Rock Island & Pacific R. Co., 294 U. S. 648, at page 676, 55 S. Ct. 595, 606, 79 L. Ed. 1110: "A proceeding under section 77 (11 USCA § 205) is not an ordinary proceeding in bankruptcy. It is a special proceeding which seeks only to bring about a reorganization, if a satisfactory plan to that end can be devised. And to prevent the attainment of that object is to defeat the very end the accomplishment of which was the sole aim of the section, and thereby to render its provisions futile."

It must be held that the court has jurisdiction to issue its process in the case at bar, and the motion to quash the subpœna and set aside the service must be denied.

So ordered.