## In re KOEPPEL.
### No. 34302.

District Court, E. D. New York.
June 13, 1938.

704

George S. Fishman, of New York City, for bankrupt.

William H. Yaeger, of New York City, for National Surety Corporation, objecting creditor.

MOSCOWITZ, District Judge.

The bankrupt has filed exceptions to the specifications which read as follows:

"As to the First. That same is insufficient in law on the face thereof, in that the claim upon which same is based is outlawed by the Statute of Limitations, and that same is otherwise insufficient in that it is not a good and valid objection to the granting of a discharge.

"As to the Second. That same is insufficient in law on the face thereof, in that the claim upon which same is based is outlawed by the Statute of Limitations, and that same is otherwise insufficient in that it is not a good and valid objection to the granting of a discharge."

The two exceptions and the two specifications are identical except that they refer to two different financial statements.

There are two grounds urged by the bankrupt for sustaining the exceptions to the specifications, one, that the specifications are based on claims outlawed by the Statute of Limitations of the State of New York. It is alleged in the specifications that the bankrupt obtained a bond as security for costs in an action by giving a false financial statement. While it is true that under the New York state laws the Statute of Limitations would bar the action, nevertheless a state statute of limitation does not limit the time within which objection to discharge may be asserted under the Bankruptcy Act. The case of Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487, decided by the United States Supreme Court April 25, 1938, does not apply as a Federal Court has exclusive jurisdiction in bankruptcy cases. The specifications are alleged under Section 14b (3) of the Bankruptcy Act, 11 U.S.C.A. § 32(b) (3). No limitation of time is prescribed in this section. Matter of Terens, D.C., 172 F. 938; Matter of Milhoff, 40 A.B.R. 72. As a second ground of exception the bankrupt claims that the bond given does not constitute property as is provided in Section 14b (3). This claim is untenable. Procuring a surety bond by means of a false financial statement is ground for refusing a discharge in bankruptcy. See, Fidelity & Deposit Co. v. Arenz, 290 U.S. 66, 54 S.Ct. 16, 78 L.Ed. 176.

The bankrupt further claims that the specifications are defective because they do not allege that the false statements were "knowingly and intentionally made". It is not necessary to so plead. In re Milhoff, supra. The specifications are set forth in the language of the statute and are therefore sufficient. In re McLaughlin, D. C., 4 F.Supp. 107.

Exceptions overruled. Settle order on notice.