### In re TURDO.
### No. 451–50.

United States District Court
D. New Jersey.
July 23, 1951.

terms, a summary of those terms setting forth the various methods by which royalties are determined.

Salvatore J. Vuocolo, Jersey City, N. J., for bankrupt.

Joseph Bigel and James Masterson, Newark, N. J., for Luria Steel & Trading Corp.

MODARELLI, District Judge.

On September 13, 1950, Alfred Turdo, Jr., was adjudicated a bankrupt, and this court referred the proceedings to the Referees in Bankruptcy. Specifications of Objections were filed on November 30, 1950, by the Luria Steel & Trading Corporation, a creditor, and the Referee, upon motion made by the bankrupt after a hearing held on January 9, 1951, entered an order dated May 18, 1951, dismissing the Specifications of Objections to the discharge. The objecting creditor was not entitled to a hearing because its objections were insufficient. The Luria Steel & Trading Corporation thereafter on May 25, 1951, filed a Petition for Review of the Referee's Order.

The Specifications of Objections, filed pursuant to Section 14 of the Bankruptcy Act, Title 11 U.S.C.A. § 32, set forth the following grounds:

1. The bankrupt destroyed, concealed, or failed to keep or preserve books of accounts or records, from which his financial condition and business transactions might be ascertained.

2. The bankrupt obtained money or property on credit by making material false statements in writing respecting his financial condition.

3. The bankrupt has failed to explain satisfactorily his loss of assets or deficiency of assets to meet his liabilities.

The first specification was dismissed with the consent of the objecting creditor at the conclusion of the hearing. The third specification was dismissed by consent of the objecting creditor in recognition of the authority of In the Matter of Goldstein, D.C.S.D.N.Y.1937, 20 F.Supp. 403, 34 Am.B.R., N.S. 414. The only specification which is to be considered in this review is the second.

The petitioner appeals to this court upon the ground that Specification #2, alleged in the words of the statute without setting forth specific facts to substantiate the objection, is sufficient, and cites as authority In re McLaughlin, D.C.N.Y.1933, 4 F.Supp. 107. A close reading of that case would indicate that the specification contained more than an objection in the words of the statute alone. For the court said at page 108 of 4 F.Supp.: "Taking the *facts stated in the objections* as true for the purposes of this motion, I also find that the second objection sufficiently sets forth that the bankrupt has obtained money or credit by making or publishing a materially false statement in respect to his financial condition * * *." (Emphasis supplied.)

Counsel for the objecting creditor also cites In re Koeppel, D.C.E.D.N.Y.1938, 24 F.Supp. 703, 704, but in that case the specification alleged particularly that "the bankrupt obtained a bond as security for costs in an action by giving a false financial statement."

The authorities are clear as to the general rule that in specifying objections to a discharge in bankruptcy, averments of fact must be pleaded with great particularity; they must be more specific than the general language of the statute, except in the case of the objection that the bankrupt had failed to keep books of accounts. If the specifications are vague and general they will be dismissed. Collier on Bankruptcy, Vol. 1, Sec. 14.07 at Page 1276; Remington on Bankruptcy, Vol. 7, Sec. 3374 at Pages 627–629; Remmers v. Merchants'-Laclede Nat. Bank, 8 Cir., 1909, 173 F. 484; In re Wood, D.C.N.H.1922, 283 F. 565. The case of In re Epstein, D.C.S.D.Fla. 1917, 248 F. 191, is directly in point. It was there held that a bare recital in the specification that the bankrupt had obtained money or property on credit by making material false statements in writing respecting his financial condition is insufficient if used without further language to show to

whom the statements were made, from whom the goods were obtained, or what the false statements were.

The petition for review is dismissed; the order of the Referee is affirmed.