In re Joseph H. GALLANT, Jr., Donna L. Gallant f/d/b/a J.H. Gallant & Son, Inc., Gallant Gallery of Homes, J.H. Gallant & Son, Debtors.

**BALBOA INSURANCE COMPANY, INC., Plaintiff,**

v.

**J.H. GALLANT & SON, INC., Joseph H. Gallant, Jr., Donna L. Gallant, Defendants.**

Bankruptcy No. 282–00349.
Adv. No. 282–0339.

United States Bankruptcy Court,
D. Maine.

April 25, 1983.

Dennis Levandoski, Portland, Me., for plaintiff.

Gerald S. Cope, Cope, Cope & Carlisle, Portland, Me., for defendants.

## MEMORANDUM DECISION

FREDERICK A. JOHNSON, Bankruptcy Judge.

Joseph and Donna Gallant filed a joint petition under chapter 7 on September 9, 1982. On November 10, 1982, the plaintiff, Balboa Insurance Company, Inc., filed a complaint to determine the dischargeability of a debt pursuant to 11 U.S.C.A. § 523(a)(2) (1979) against the debtors and J.H. Gallant & Son, Inc. The debtors and Gallant & Son moved to dismiss; they assert that the court lacks jurisdiction over the corporate defendant and that the complaint fails to state a claim under applicable law.[1]

The plaintiff alleges that it reasonably relied on a materially false bond application completed by Joseph Gallant when it issued a labor and material payment bond and a performance bond to Gallant & Son. It asserts that Gallant & Son defaulted on a construction contract and caused the plaintiff to incur losses for which both debtors are liable under an indemnity agreement. The plaintiff requests the court to determine that the debt is nondischargeable and to render judgment for the plaintiff in the amount of the debt.

---

1. The court has already granted the motion to dismiss the plaintiff's complaint against Donna Gallant. Any reference to the debtor will refer to Joseph Gallant. The court has also granted defendants' motion to dismiss the complaint to the extent that the complaint seeks a modification of the automatic stay.

■ The defendants move to dismiss on four grounds. First, the defendants assert that the complaint fails to state a claim against Joseph Gallant because he signed the allegedly fraudulent bond application in his capacity as an officer of Gallant & Son and not in his individual capacity. Under Maine law, a corporate officer may be held individually liable for his fraudulent acts on behalf of a corporation. In *Eastern Trust & Banking Co. v. Cunningham,* 103 Me. 455, 461, 70 A. 17 (1908), in a deceit action, the Maine Supreme Judicial Court found a treasurer personally liable for a check "kiting" scheme perpetrated by him on the corporation's behalf. Thus, the plaintiff has stated a cause of action under section § 523(a)(2) against Joseph Gallant.

■ The second ground for dismissal is the court's alleged lack of jurisdiction over Gallant & Son, the corporate defendant, after the United States Supreme Court's decision in *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.,* —— U.S. ——, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982). Effective December 25, 1982, the Rules of the United States District Court for the District of Maine were amended to add new Rule 41. Rule 41(c)(1) provides: "All cases under Title 11 and all civil proceedings arising under Title 11 or arising in or related to cases under Title 11 are referred to the bankruptcy judges of this district." Thus, under Rule 41, bankruptcy courts retain the extensive jurisdiction given to them by the Bankruptcy Code of 1978. *Pennels v. Barnes (In re Best Pack Seafood, Inc.),* Adv. No. 281–0277, slip op. at 3 (Bankr.D.Me. Jan. 10, 1983). The court has jurisdiction over Gallant & Son in this proceeding, which arises in a case under title 11.

Third, the defendants move to dismiss on the grounds that the corporation, not the debtor, obtained the bond, that the bond is not property under section 523(a)(2), and that the plaintiff did not allege that the fraudulent bond application caused the plaintiff's losses.

■ In *Levy v. Industrial Finance Corp.,* 276 U.S. 281, 283, 48 S.Ct. 298, 72 L.Ed. 572 (1927), the United States Supreme Court held that a bankruptcy court could deny a discharge "to a man who has fraudulently obtained a loan to a corporation which is owned by him and in which his interests are bound up...." In this proceeding, the plaintiff has alleged that the debtor fraudulently obtained a bond for his own corporation. This allegation states a claim against the debtor.

■ In *Fidelity & Deposit Co. of Maryland v. Arenz,* 290 U.S. 66, 68–69, 54 S.Ct. 16, 17, 78 L.Ed. 176 (1933), the United States Supreme Court held that a bond constitutes property. Finally, in the complaint, plaintiff alleges that it issued the bonds in reliance on the fraudulent bond application and that it incurred losses while honoring the bonds. This statement is a sufficient allegation that the fraudulent bond application caused the plaintiff's losses.

■ Finally, the defendants move to dismiss on the ground that plaintiff failed to allege the conditions which must occur to constitute a default under the bonds. An allegation that a default occurred is sufficient to state a claim and to withstand a motion to dismiss. *See* 2A J. Moore & J. Lucas, *Moore's Federal Practice* ¶ 12.08 (2d ed. 1982).

An appropriate order will be entered.