LABORDE, Judge.
Defendant Jeffrey Doueet conditionally pled guilty to armed robbery. See La.Rev. Stat. 14:64. Defendant pled guilty with the reservation of his right to appeal the trial judge’s ruling that oral and written statements made by defendant to police officers would be introduced into evidence against him. See State v. Crosby, 338 So.2d 584 (La.1976). We have before us that appeal. If we find that the trial judge’s decision at the suppression hearing is erroneous, defendant will be allowed to withdraw his guilty plea. See id. However, we find no error. We therefore affirm defendant’s conviction and sentence of imprisonment at hard labor for fifteen years, without benefit of parole, probation, or suspension of sentence.
Upon defendant’s arrest for armed robbery, he was advised of his constitutional rights pursuant to Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Defendant read and signed a waiver of rights form in the presence of the arresting officers. Defendant then, over a period of several hours, made several incul-patory statements, both oral and written.
Defendant testified at the suppression hearing that he was highly intoxicated at the time of his arrest and also when he made the subsequent statements. Thus, defendant claims he was unable effectively to waive his rights. Defendant further contends that he was coerced by the police to waive his rights and to confess. Defendant contends that one of the police officers present during his questioning promised defendant a job in the officer’s brother’s retail store if defendant would “help” the police.
Casey Reynolds, a prisoner at the Calca-sieu Parish jail at the time of defendant’s questioning, testified that he witnessed that questioning. Reynolds stated that defendant appeared intoxicated, and that defendant “passed out” once. Reynolds testified that the officers slapped defendant several times to try to awaken him, and that the officers “walked” defendant around the room to arouse him. Reynolds further stated that the officers discussed using ammonia capsules or an electric cattle prod to awaken defendant.
Detective Ronald Lewis of the Lake Charles Police Department offered an entirely different version of the circumstances surrounding defendant’s statements. Lewis testified that he was present during the entire time that defendant was questioned. Lewis stated that no force or intimidation was used to coerce defendant to confess. Lewis testified that defendant was not threatened at any time, nor was defendant offered anything to induce him to confess. Lewis stated that defendant was not intoxicated; that defendant was lucid and alert at all times. Lewis added that defendant had acknowledged that he understood his rights and the purpose of the questioning, and that defendant voluntarily made his statements.
Obviously, one or more persons did not tell the truth at the suppression hearing. The trial judge believed the testimony of Detective Lewis. Thus, the trial judge found defendant’s statements, made after complete Miranda warnings and a valid waiver of rights, to be voluntary and therefore admissible.
“The admissibility of a confession is in the first instance a question for the trial judge, and his conclusions as to the credibility and weight of the testimony relating to the voluntariness of a confession will not be overturned on appellate re *554 view unless they are not supported by the evidence.”
State v. Narcisse, 426 So.2d 118, 126 (La.1983), cert. denied, — U.S. —, 104 S.Ct. 202, 78 L.Ed. 176 (1983), reh’g denied, - U.S. -, 104 S.Ct. 515, 78 L.Ed. 702 (1983).
Under the Narcisse standard of review, we find no evidence in the record that calls into question the credibility evaluation made by the trial judge. His determination that Detective Lewis, not defendant and Reynolds, testified truthfully as to the circumstances surrounding defendant’s questioning, cannot be said to be “not supported by the evidence.”
Based on the above reasons, defendant’s conviction and sentence are affirmed.
AFFIRMED.