**In re Donald Kent McSHIRLEY, Debtor.**

**George D. FRALEY, Plaintiff,**

**v.**

**Donald Kent McSHIRLEY, Defendant.**

**Bankruptcy No. 86–4594.**
**Adv. No. 87–010.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Oct. 1, 1987.

Patrick Skelton, Tampa, Fla., for plaintiff.

Donald Stichter, Tampa, Fla., for defendant.

**ORDER ON MOTION TO DISMISS**

ALEXANDER L. PASKAY, Chief Judge.

THIS CAUSE came on for hearing with notice to all parties in interest upon a Motion to Dismiss the Plaintiff's Complaint, filed by Donald Kent McShirley (Debtor), the Defendant in the above-captioned adversary proceeding and the Debtor in this Chapter 7 case. The adversary proceeding was initiated by George D. Fraley (Fraley), who seeks a determination by this Court that a debt owed to him by the Debtor is nondischargeable by virtue of § 523(a)(2)(A) of the Bankruptcy Code.

The matter under consideration is a challenge to the legal sufficiency of the Complaint filed by Fraley which, according to the Debtor, is fatally defective and cannot be amended, and for this reason should be dismissed with prejudice. The Debtor's contention is based on the following facts alleged in the Plaintiff's Complaint:

On February 26, 1986, the Debtor executed a promissory note in the amount of $65,000.00 in favor of Fraley. This note was accompanied by a Security Agreement which purported to give Fraley a security interest in a 30% interest owned by the Debtor in an RV Resort located in Sumter County, Florida. In exchange for the promissory note and security agreement, Fraley executed and delivered a personal guaranty to Coast Federal Savings and Loan Association (Bank) of a loan granted by the Bank to the Debtor. In connection with this loan, the Debtor also executed a promissory note in favor of the Bank, the amount of which has not been established by the record. Subsequently, the Promissory Note in the Bank's favor became due, and because the Debtor failed to make payment on the note, the Bank commenced an action against Fraley on his guaranty in the Circuit Court for Sarasota County. It is alleged in the Complaint that Fraley paid the Bank the sum of $67,227.10, which amount represented the principal and interest of the promissory note, costs, and attorney's fees.

Fraley alleges that at the time of the execution of the Promissory Note and Security Agreement, the Debtor orally represented to Fraley that he owned 30% of the RV Resort and that he would perfect Fraley's security interest in the RV Resort. Further, Fraley alleges that at the time relevant to the matter under consideration, the Debtor either did not own an interest in the RV Resort or did not perfect Fraley's security interest as promised, therefore, the oral representations made by the Debtor were false; that the Debtor made these representations in order to induce Fraley to execute the personal guaranty; that the Debtor made the representations with the purpose of defrauding and deceiving Fraley; and that in reliance on the Debtor's representations, Fraley executed and delivered to the Bank the personal guaranty. Based on the foregoing, Fraley contends that the debt owed him by the Debtor should be declared nondischargeable pursuant to § 523(a)(2)(A) of the Bankruptcy Code.

In his Motion to Dismiss the Debtor contends that the Complaint by Fraley fails to state a cause of action under § 523(a)(2)(A) of the Bankruptcy Code as it fails to allege, and cannot allege, that the Debtor obtained "money, property, services, or an extension, renewal, or refinancing of credit", all of which are, in the alternative, indispensable elements of a viable claim of nondischargeability under § 523(a)(2)(A). This section in pertinent part provides as follows:

§ 523. Exceptions to discharge

(a) A discharge under Section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by

(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the Debtor's or an insider's financial condition.

It should be noted at the outset that it is now well established that F.R.C.P. 12(b)(6), as incorporated in Bankruptcy Rule 7012(b), which governs Motions to Dismiss, should be liberally construed and viewed "in the light most favorable to the Plaintiff." *In re Brandt–Airflex Corporation,* 69 B.R. 701 (Bankr.E.D.N.Y.1987), *quoting Hishon v. King & Spaulding,* 467 U.S. 69, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984). The corollary to this proposition is that a Motion to Dismiss for failure to state a claim should be granted only if there is no doubt that even if the Plaintiff is able to prove all material facts alleged in the Complaint in support of the claim, he still would not be entitled to the relief sought. *See Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

It is without dispute that at the time the allegedly false representations were made, the Debtor did not obtain "money ..., services, or an extension, renewal, or refinancing of credit." That leaves for consideration the question whether the Complaint alleges, or whether Fraley can allege in light of the facts, that the Debtor obtained "property" within the meaning of § 523(a)(2)(A) of the Bankruptcy Code. It is the contention of the Debtor that the Complaint is fatally defective in that a personal guaranty as a matter of law is not "property" within the ambit of § 523(a)(2).

The controlling issue in the matter under consideration, therefore, is whether the definition of property includes a personal guaranty. Traditionally, "property" has been defined in a manner which is readily understood by all in everyday affairs of business. *See Gleason v. Thaw*, 236 U.S. 558, 35 S.Ct. 287, 59 L.Ed. 717 (1915). As the United States Supreme Court stated in this case:

> "At most it [property] denotes something subject to ownership, transfer, or exclusive possession and enjoyment, which may be brought within the dominion and control of a court through some recognized process."

*Id.*

It should be noted, however, that *Gleason* involved the question of whether professional services of an attorney were included within the term "property" under § 17(a)(2) of the Bankruptcy Act which is the predecessor of the § 523(a)(2) of the Bankruptcy Code. The Supreme Court resolved this issue by holding that professional services, which are now expressly included in § 523(a)(2), were neither capable of ownership or transfer and therefore were not "property" within the terms of the statute.

This analysis of the definition of property has since been expanded by the U.S. Supreme Court to include the obtaining of a surety's obligation on a bond. *See Fidelity & Deposit Co., of Maryland v. Arenz*, 290 U.S. 66, 54 S.Ct. 16, 78 L.Ed. 176 (1933). In holding that obtaining a surety or a bond by false representation and payment by the surety on the bond constitutes "property" within the meaning of § 17(a)(2) of the Bankruptcy Act, the Court stated that property "may be construed to include obligations, rights, and other intangibles as well as physical things." *Id.* 290 U.S. at 68, 54 S.Ct. at 17, 78 L.Ed. at 178 *See also In re Gallant*, 29 B.R. 607 (Bankr.Me. 1983); *In re Dunfee*, 219 N.Y. 188, 114 N.E. 52 (1916).

Based on the analysis of *Fidelity & Deposit Co. of Maryland*, this Court is satisfied that when a debtor induces another to sign as a guarantor on an obligation, and the guarantor is ultimately held liable on the obligation and makes payment thereon, the debtor has obtained "property" within the meaning of the § 523(a)(2)(A) exception to discharge.

Therefore, as the Complaint clearly alleges that the Debtor obtained a personal guaranty from Fraley, and, as there is no question that a personal guaranty constitutes "property" within the meaning of § 523(a)(2)(A), this Court is further satisfied that the Complaint states a cause of action for which relief can be granted, and for this reason, the Motion to Dismiss is not well taken and should be denied.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion to Dismiss be, and the same is hereby, denied, and the Defendant shall have fifteen (15) days from the date of this Order to file his responsive pleading. It is further

ORDERED, ADJUDGED AND DECREED that in the event the responsive pleading is filed, the matter shall promptly be scheduled for a pre-trial conference. It is further

ORDERED, ADJUDGED AND DECREED that if the Defendant fails to file a responsive pleading within the time fixed herein, George Fraley may proceed to conclude this matter by default.