### In re LUNDBERG.

### LUNDBERG v. DIXNER.

(Circuit Court of Appeals, Seventh Circuit. October 6, 1920.)

No. 2813.

1. **Bankruptcy ☞408(2)—Discharge held not barred by false oath in schedule as to nonownership of property.**

A bankrupt's discharge was not barred on the ground that he made a false oath in his schedule, in that he denied ownership of certain lots, where a creditor, more than a year before the bankruptcy, had secured judgment against him, which became a lien upon, and for several times the value of, the lots, and within less than 20 days after the alleged false oath the same creditor got a tax title to the lots, and, more than two years before the alleged false oath, the bankrupt had executed a warranty deed to the lots, but it had never been recorded.

2. **Bankruptcy ☞407(5)—Statement in note held not a false statement, barring discharge; "property."**

Bankrupt's discharge held not barred, on the ground he had obtained property on a materially false written statement, in violation of Bankruptcy Act, § 14b (Comp. St. § 9598), where he gave a creditor (who had previously had a judgment note by means of which a lien was obtained upon the bankrupt's property, so that the creditor knew that liens could be easily perfected by entering judgment on a lien note) a renewal judgment note on which was written the words, "being a lien on" certain lots, obtaining thereby an extension of time for the payment of an old debt; for, although this was obtaining "property," within section 14b (3), the law is that the statement must have been intentionally and knowingly false, and coupled with an intent to deceive, and the creditor must have relied thereon in parting with his property, and the fact is that the creditor did obtain judgment on the note, which became a lien on the lots more than a year before the bankruptcy.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Property.]

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In the matter of Tureh Lundberg, bankrupt. On objection by Sofia Dixner, the bankrupt was denied discharge, and he appeals. Order reversed, and cause remanded.

Edward N. Sherburne, of Chicago, Ill., for appellant.
Charles H. Leech, of Chicago, Ill., for appellee.

Before BAKER, ALSCHULER, and PAGE, Circuit Judges.

PAGE, Circuit Judge. This is an appeal from an order of the District Court denying appellant a discharge in bankruptcy.

Appellant was adjudged a bankrupt on October 11, 1918, and on the 19th day of the following December applied for his discharge. On February 7, 1919, appellee filed objections thereto, and on October 24, 1919, filed amended objections. On January 12, 1920, the referee reported that objections to the discharge should be overruled. . Exceptions were filed, and on the same day the discharge was denied.

[1] The objections charged that appellant made a false oath in his schedule, in that he denied ownership of any real estate, whereas the objections asserted that he in fact owned lots 23 and 24 in block 4 of Rood & Weston's addition, etc. On July 18, 1917, appellee got a judgment against appellant, which became a lien upon, and for several times the value of, those lots. Within less than 20 days after the making of the alleged false oath, appellee got a tax title to the lots. More than 2 years before he made the alleged false oath, the bankrupt executed a warranty deed to the property in question, but it had never been recorded.

[2] In the fifth objection as originally filed it was charged that appellant, by materially false statements, etc., obtained money from one Ulander and others. Nine months later, in the amended objections, the charge was that appellant obtained $950 from appellee by making a materially false statement in writing. The master found that appellant had for some years been indebted to appellee at the time appellant gave her, in September, 1913, a renewal judgment note for $800, upon which was written the words:

"Being a lien on lots 23 and 24 in block 4 of Rood & Weston's subdivision, section 20, township 37 north, range 14 east of the third principal meridian, on Park street and 110th."

That statement is alleged, in the objections, to have been materially false.

The Bankruptcy Act (Comp. St. §§ 9586–9656) provides that the bankrupt shall be discharged unless he has done one or more of the three things specified in section 14b. He may not be discharged if he has—

"(3) obtained money or property on credit upon a materially false statement in writing, made by him to any person or his representative for the purpose of obtaining credit from such person."

The evidence is not before us, nor was it before the court. The case was disposed of on consideration of the master's report only. All appellant obtained at the time of the delivery of the judgment note, bearing the alleged false statement, was an extension of time for the

payment of an old debt. This is held to be obtaining "property," within the meaning of section 14b (3) of the Bankruptcy Act. Samet v. Farmers' & Merchants' National Bank, 247 Fed. 669, 159 C. C. A. 571. But the law also is that, to bring a statement within that section, it must have been intentionally and knowingly false and coupled with an intention to deceive. The creditor must also have relied upon the statement when parting with his money or his property. Gilpin v. Merchants' National Bank, 165 Fed. 607, 91 C. C. A. 445, 20 L. R. A. (N. S.) 1023; In re Stafford (D. C.) 226 Fed. 127.

Appellee had previously had a judgment note by means of which a lien was obtained upon appellant's property, so that appellee or some one acting for her knew that liens could be easily perfected by the simple process of entering judgment on a judgment note. It is probable that under the laws of Illinois the language complained of would be held to create an equitable lien as between the parties upon the property in question. Appellee obtained a judgment on the note, which became a lien on the lots, on July 18, 1917, more than a year before the bankruptcy.

But there is a grave question as to whether the statement written on the note, even if false, came within the statute. The Circuit Court of Appeals in the Second Circuit recently said:

"It is plain that the intention of Congress was to extend not the statute to all cases of false written statements where credit happens to be given, and the thought being to confine the statute to cases where the decision to give credit was induced by the false statement. Such statement must be a financial statement, as distinguished from a mere misrepresentation." In re Morgan, 267 Fed. 959, 962.

We are of opinion that there was no such materially false statement in writing shown that under the circumstances in this case should bar a discharge.

The order denying the discharge is reversed, and the cause is remanded to the District Court, with instructions to proceed in harmony with this opinion.