### In re GOHEEN.

(District Court, W. D. Pennsylvania. March 11, 1926.)

No. 11768.

Bankruptcy ⚭407(5)—False statement, to bar discharge, must have been made for purpose of obtaining money or property on credit, and must have been relied on.

A materially false financial statement by bankrupt, to bar his discharge, must have been made for the purpose of obtaining money or property on credit, and must have been relied on by the creditor when parting with his property.

In Bankruptcy. In the matter of Streamer C. Goheen, bankrupt. On exceptions to findings of referee, as special master, on bankrupt's petition for discharge. Exceptions overruled, and discharge granted.

Jesse C. Long, of Punxsutawney, Pa., for County Nat. Bank.

W. B. Adams, of Punxsutawney, Pa., for bankrupt.

SCHOONMAKER, District Judge. This case now comes before the court on exceptions to the findings of William T. Darr, referee in bankruptcy, as special master, to take the testimony and make report thereof to the court, and of his findings of fact, together with his recommendations in favor of, or against, the discharge of the bankrupt.

The specification of objections raises two questions: The first, did the bankrupt obtain money or property on credit through a materially false statement in writing made by him for the purpose of obtaining credit, to the County National Bank? and, second, did the bankrupt unlawfully conceal assets, namely an automobile?

The referee found that, although the statement in writing was made to the bank and that statement was incorrect, it was not made with the purpose of obtaining credit from the bank, claiming that the bank officials knew of the bankrupt's financial condition at the time this statement was given, and did not ask it for the purpose of extending credit, but only because the bank was compelled to do so by the bank examiner. The special master found that at that time the bankrupt had reached the financial condition where he could not borrow from any one and that his financial condition was generally known.

We are of the opinion that the evidence taken before the special master justified this finding, and that this objection to the discharge must be dismissed. This case, we think, is ruled by those cases which hold that a statement of this character must be materially false, so that a creditor must rely upon it when parting with his property, and if the creditor did not rely upon it, or the debtor did not make the statement for the purpose of obtaining money or property on credit, the discharge would not be barred, no matter how false the statement might be. In re Shaffer, 169 F. 724, District Court of the Northern District of West Virginia; In re Matthews, 272 F. 263 (C. C. A. 7th Cir.); In re Lundberg (C. C. A.) 272 F. 107, 109.

As to the second specification of objection, namely, the concealing of assets, an automobile, from the creditors, the referee, as special master, found from the evidence that the automobile in question was purchased by Dr. Grube, the father of the bankrupt's wife, and given to her; it did not belong to the bankrupt, and under those circumstances there was no concealment of assets. The referee, as special master, therefore recommended that the bankrupt be discharged.

We dismiss the exceptions to the special master's report, and concur with his findings. An order may be entered accordingly.