**UNDERWOOD v. AJAX RUBBER CO., INC.**
(No. 9968.)

Court of Civil Appeals of Texas. Dallas.
June 4, 1927.

**1. Bankruptcy ⟨key⟩423(1)—Financial statement within bankruptcy statute must have been false, made with intent to deceive, and relied on by creditor (Bankruptcy Act, §§ 14b [3], 17 [2], being 11 U. S. C. A. §§ 32, 35).**

To bring a financial statement within Bankruptcy Act, §§ 14b(3), 17(2), being 11 U. S. C. A. §§ 32, 35 (U. S. Comp. St. §§ 9598, 9601), providing that bankrupt may not be discharged from indebtedness if he obtained property on credit on a materially false statement in writing the statement must have been intentionally false, made with intent to deceive and relied on by the creditor.

**2. Bankruptcy ⟨key⟩423(1)—Debtor's omission from statement to prospective creditor of debt he believed he did not owe did not render statement false within statute (Bankruptcy Act, § 14b[3], being 11 U. S. C. A. § 32).**

Debtor's omission from a financial statement to a prospective creditor of a debt which he then honestly believed he did not owe did not make the statement false within Bankruptcy Act, § 14b(3), being 11 U. S. C. A. § 32 (U. S. Comp. St. § 9598), so as to prevent his discharge from releasing the debt incurred on the strength of the statement.

**3. Bankruptcy ⟨key⟩423(1)—Creditor cannot hold debtor after discharge in bankruptcy because of omission from financial statement of debts known to creditor.**

Creditor cannot hold a debtor subsequently to his discharge in bankruptcy because of omission of existing debts from the bankrupt's financial statement to the creditor, where the creditor actually knew of the debts when it approved the application for credit.

**4. Bankruptcy ⟨key⟩423(1)—Finding that debtor acted in good faith in omitting debts from financial statement to prospective creditor would preclude creditor after debtor's discharge in bankruptcy (Bankruptcy Act, §§ 14b[3], 17[2], being 11 U. S. C. A. §§ 32, 35).**

Finding that a debtor acted in good faith in submitting to the prospective creditor a financial statement from which material debts were omitted would preclude judgment in favor of the creditor after debtor's discharge in bankruptcy, under Bankruptcy Act, §§ 14b(3), 17(2), being 11 U. S. C. A. §§ 32, 35 (U. S. Comp. St. §§ 9598, 9601).

**5. Trial ⟨key⟩356(1)—Jury's failure to make findings on submitted issues, where failure to submit issues would have been error, held fatal to judgment.**

Jury's failure to make findings on defensive issues submitted to them is fatal to judgment for the plaintiff, where failure to submit the issues would have been reversible error.

Appeal from District Court, Dallas County; Royall R. Watkens, Judge.

Action by the Ajax Rubber Company, Incorporated, against L. C. Underwood. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Davis, Synnott & Hatchell, of Dallas, for appellant.

Burgess, Burgess, Chrestman & Brundidge, of Dallas, for appellee.

JONES, C. J. This appeal is from a judgment in the district court of Dallas county adverse to appellant, L. C. Underwood, and in favor of appellee, the Ajax Rubber Company, Inc. The issue in the trial of the case below was whether appellant's prior discharge in bankruptcy was a bar to the recovery by appellee on an alleged indebtedness. The case was tried to a jury and submitted on special issues. The jury disagreed on

three of these issues and returned no findings thereon. The issue to be determined on this appeal is, Did the trial court err in entering the judgment on the findings returned? It is contended by appellant that if findings favorable to him had been made on these issues it would have been the duty of the trial court to enter a judgment in his favor. This contention is presented by proper assignments of error and propositions of law. The following is a sufficient statement of the case:

Appellant was doing business in the city of Dallas under the trade name of Acme Vulcanizing Service Company, and for the purpose of securing credit from appellee in the purchase of goods for his trade he made to appellee a written statement of his assets and liabilities on May 15, 1923, in which his assets were shown to be in excess of his liabilities in the sum of $5,858.33, exclusive of real estate, which appears to have been his homestead. Appellee's claim is that on the showing of this statement, beginning July 16, 1923, and extending to and including the 22d day of August, 1923, it sold to appellant on a credit certain automobile casings, on which, at the time of filing the suit, appellant owed it a balance of $1,178.92; that after said goods were sold it discovered that the credit statement on which it acted in extending the credit was false, in that appellant owed at the time the statement was made an item of $2,400 due the Dunn Tire Company, and an item of $2,000 due S. H. Teel; that as to the latter indebtedness a mortgage existed in favor of Teel on the fixtures and furniture in appellant's place of business and on which he represented in the statement no mortgage existed; that if these items of indebtedness had been included in the said statement it would have shown that appellant was practically insolvent and no credit would have been extended. These alleged facts are made the basis for allegations of actual fraud committed by appellant in securing the credit, that appellee's claim was not provable under the bankrupt law, and that appellant's prior discharge in bankruptcy could not operate as a discharge of said indebtedness. Appellee's petition is full and complete as to the allegations necessary to show that appellant's discharge in bankruptcy was no bar to a recovery in its suit.

Appellant in his answer presented a denial as to any intentional wrong in the omission of the items of indebtedness from his credit statement, and denied that he obtained the credit by means of any false statement in writing, or that the statement was false within the meaning of that term in the bankrupt act. As to the indebtedness in favor of Teel, the effect of appellant's allegations is that appellant is the son-in-law of Teel; that he was a man of considerable wealth, had stated frequently his desire and intention to assist appellant financially in his business and had assisted others of his family; that in 1922 he borrowed the sum of $2,000 from a bank in the city of Dallas with Teel as surety; that when same became due he paid thereon $500 and wanted Teel to remain as his security in extending the note; that Teel said he would just pay it off and gave him a check for the amount and the indebtedness was discharged; that he believed when this money was furnished him Teel was carrying out his theretofore frequently expressed intention of helping his daughter, appellant's wife, by thus assisting appellant in his business, and that the money so used was intended either as an advancement or as a gift, and that no claim would ever be made on him to repay the money; that he did not know otherwise until about the 1st of August, 1923, when Teel told appellant that he was going on a long journey and he desired to have his business matters properly arranged and asked for a note and a mortgage to secure the $2,000 that he had advanced; that while very much surprised at this action of his father-in-law, he felt that he could do nothing else but comply with the request and had a mortgage drawn, dated from the time that the $2,000 was secured on the credit of appellant, and a note at the time it was discharged, as he considered it a renewal; that this mortgage was placed for record on the 1st of August, 1923, and was executed long after the credit statement was made; that at the time he made the credit statement the mortgage did not exist; he honestly believed that he did not owe this indebtedness; and that he acted in perfect good faith when he omitted this indebtedness from the statement.

As to the Dunn Tire Company indebtedness, the effect of appellant's allegations is that previous to the making of the credit statement, he had owed said company $2,400; that another party desired to buy a one-half interest in his business, and as a result of their negotiations he sold to such party such interest for $2,400, taking as payment therefor negotiable notes in said sum indorsed by a third party, which made the notes worth their face value; that after he had secured said notes he took them to the said tire company and they were accepted in full payment of this indebtedness; that he made the entry on his books showing the discharge of such indebtedness; that a short time after the sale of the said interest in his business, it developed that his partner was unsatisfactory and that it would be necessary to repurchase the interest sold; that this fact was stated to Mr. Dunn, of the Dunn Tire Company, with the result that the notes were delivered back to him for the purpose of returning them to the partner and thereby annulling the purchase; that this agreement was perfected, the notes returned to the maker, and appellant again became the sole owner of the business; that he informed the Dunn Tire Company of this fact and offered to make new notes for the indebtedness, but Mr. Dunn

told him not to do so; that if he ever got on his feet he could pay the indebtedness; if he did not and it was never paid it was all right; that thereafter he considered it only a moral obligation and not a claim that would be legally asserted against him, and not a charge against his business. It is further alleged that appellee and its credit man were fully informed before the making of this statement and before it acted on it of the exact status of this matter and knew the exact condition of this indebtedness at the time the statement was prepared and before the credit was extended; that in the omission of this item, from the credit statement appellant acted in good faith and with the full knowledge of appellee. The discharge in bankruptcy was duly pleaded by appellant.

Appellee offered evidence to the effect that in extending the credit and creating the indebtedness for which it sought recovery, it relied solely on the credit statement made by appellant and believed that it correctly and fully stated his financial worth at the time it was prepared; that it knew nothing of the Teel indebtedness or that of the Dunn Tire Company; and that had it known of either of them it would not have extended the credit. Foster Burnett, branch manager for appellee, testified that about two weeks after the statement was prepared and after it had extended credit, but before the indebtedness on which the suit was based, had accrued, he was informed by Mr. Dunn to the effect that appellant was largely indebted to his company, but that he paid no attention to same. W. C. Short, appellee's local credit man, testified that he was on his vacation at the time, but that he assisted in the matter of appellant's request for credit and knew nothing of either of said items of indebtedness. A Mr. Robert was acting credit man at the time the statement was prepared and did not testify.

Appellant testified in detail to the facts alleged in his answer in reference to both of these items of indebtedness and denied that he acted in bad faith in making their omission. Dunn testified to the effect that Robert, the acting credit agent of appellee at the time this statement was prepared, called at his place of business and asked him in reference to Underwood's dealing with his company and that he explained fully the existence of the claim that he had and its status as alleged in appellant's answer and also testified to explaining the same to appellee's said manager.

In response to special issues, the jury found: (a) That the property statement given by appellant to appellee May 15, 1923, was false or untrue in a material portion thereof; but (b) could not agree on the answer to the issue as to whether appellant in making the said statement intended to defraud plaintiff and returned no verdict thereon; (c) appellant omitted certain debts or liabilities owed by him at the time from the said property statement; (d) appellee relied upon the financial statement in selling and delivering to appellant on credit the goods described in the amended petition; (e) appellant believed the financial statement to be true; (f) that at the time the financial statement was passed upon, approved, and the goods ordered, Robert was acting as credit man for appellant, but on this particular bill was assisted by Short; (g) no verdict was returned in answer to special issue No. 7, which was whether Robert, at the time the financial statement referred to was approved and the goods ordered, knew of the indebtedness claimed by John H. Dunn Tire Company; (h) Foster Burnett (the branch manager) did not know of the claimed indebtedness of the Dunn Tire Company at the time the financial statement was examined and approved and the goods ordered delivered; (i) appellee was induced to deliver to appellant the property and merchandise described in its petition by the belief that appellant owed materially less than he did owe; (j) the jury failed to answer special issue No. 10 as to whether appellant at the time he made the financial statement believed that he was indebted to S. H. Teel; (k) appellant at the time he made the statement believed he owed John H. Dunn Tire Company. The other issue answered is not material to this hearing.

The findings of the jury on the issues on which a verdict was returned are all sustained by substantial evidence, and will be adopted as the findings of this court on such issues. The Teel indebtedness and the John H. Dunn Tire Company indebtedness were scheduled by appellant in the bankruptcy proceedings, as was appellee's indebtedness. Appellant's discharge in bankruptcy was introduced in evidence and is in the usual form.

There is evidence sufficient to sustain a verdict of the jury, if returned favorable to appellant on each of the three special issues on which no finding was made. The question therefore is, Would the trial court have been authorized to enter the judgment in favor of appellee in the event these issues had been answered by the jury favorably to appellant?

Section 32 of the Bankrupt Act, tit. 11, U. S. C. A. (U. S. Comp. St. § 9598) provides: (b) That the bankrupt shall be discharged from his indebtedness unless he has (3) "obtained money or property on credit upon a materially false statement in writing, made by him to any person or his representative for the purpose of obtaining credit from such person." Old section No. 14b (3). Section 35, supra (U. S. Comp. St. § 9601), provides that a discharge in bankruptcy shall release a bankrupt from all his provable debts except such as (2) "are liabilities for obtaining property by false pretenses or false representations," etc. Old section No. 17 (2).

[1] These sections of the Bankruptcy Law have been construed many times, and, so far

as we have been able to determine, there is no variance in any of the decisions as to their construction. This construction is clearly stated by the Circuit Court of Appeals, Seventh Circuit, 272 F. 107, in the case of In re Lundberg:

"But the law also is that, to bring a statement within that section [Sec. 32], it must have been intentionally and knowingly false and coupled with an intention to deceive. The creditor must also have relied upon the statement when parting with his money or his property."

To the same effect is the announcement in the Texas case of Radford Grocery Co. v. Halper (Tex. Civ. App.) 274 S. W. 1023, that: "Fraud referred to in [this] section [section 35]" "releasing bankrupt from liabilities, except where obtaining property by false pretenses, means positive or actual fraud, involving moral turpitude or intentional wrong." The same announcement is made also in the cases of Sanger v. Barrett (Tex. Civ. App.) 221 S. W. 1087. In the case of Hoskins v. Velasco Nat. Bank, 48 Tex. Civ. App. 246, 107 S. W. 598, it is declared that in a case of this kind the complaining creditor "should not have any actual knowledge or notice of their (the representations) falsity." Such quotations from state and federal courts could be multiplied almost indefinitely.

[2] As to the item of indebtedness owing Teel, the evidence of the appellant is clear and to the effect that at the time he made the statement he honestly believed he did not owe this indebtedness, and a substantial basis is given for such belief. This evidence clearly raised the issue submitted to the jury as special issue No. 10. If appellant honestly believed he did not owe this money, there was no intentional wrong and no intention to deceive by omitting it from the financial statement. If the jury had found in response to this issue that appellant did not believe he owed this debt, this finding would have destroyed appellee's right to a judgment because of this omission; for such finding would have exonerated appellant from any intentional wrong, or, in other words, from the commission of an act of actual fraud.

[3] If the jury had found, as testified to by the witness Dunn, and appellant, that the credit man, Robert, was placed in possession of all the facts in reference to the Dunn Tire Company indebtedness, and with such knowledge received the financial statement and indorsed the application for credit, as such issue of fact was submitted to the jury by special issue No. 7, then appellee's right to a judgment because of the omission of this indebtedness would have been destroyed, for it would follow as a matter of law that with this knowledge the statement could not have been relied upon to the extent of this claim when the credit was extended. Robert was the man placed in charge of this particular business of appellee, and his knowledge on this matter is in law knowledge to appellee. In other words, if the jury had given an affirmative answer to special issue No. 7 and a negative answer to special issue No. 10, the construction placed by the courts on these sections of the Bankrupt Act would have required a judgment favorable to appellant.

[4] In reference to special issue No. 2, in which the jury is asked to find whether or not appellant, in making the financial statement introduced in evidence, intended to defraud appellee, a finding favorable to appellant would have been fatal to appellee's right to recover in this case, for appellant's evidence raised the issue submitted and is sufficient to sustain a verdict that he acted in good faith in omitting from the said statement the matter of the Teel indebtedness; also, that he acted in good faith in reference to the Dunn Tire Company indebtedness by explaining to the credit man the status of such claim against him.

[5] We therefore conclude that the issue submitted by special issue No. 2 was raised by the pleading and the evidence and called for a finding of the jury on a question that comprehended a complete defense to appellee's suit; that the issue submitted by special issue No. 7 was raised by the pleading and evidence and submitted an issue that comprehended a complete defense to the omitted item of the indebtedness to the Dunn Tire Company; that the submission of the issue embraced in special issue No. 10 was raised by the pleading and evidence and submitted an issue that comprehended a complete defense to the item of indebtedness owing to Teel; that a failure to submit these defensive issues would have been reversible error, and the failure of the jury to make findings on said issues is fatal to the right of entry of a judgment in this case. For which reason, the case must be reversed and remanded.

Reversed and remanded.