In the Matter of **MOUNT VERNON RESTAURANTS, INC.,** Bankrupt.

**Faye SMITH, Trustee and Creditor-Appellant,**

v.

**Hon. Charles W. MERRITT, Referee-Appellee.**

**No. 28403.**

United States Court of Appeals, Fifth Circuit.

May 1, 1970.

Rehearing Denied June 10, 1970.

Faye Smith, in pro. per.

Jary C. Nixon, Lester I. Levine, Orlando, Fla., Stanley Wolfman, Merritt Island, Fla., Irving Nathanson, Cocoa Fla., Robert G. Cunningham, Jr., Jacksonville, Fla., S. Lindsey Holland, Jr., Titusville, Fla., for referee-appellee.

Before GODBOLD, DYER and MORGAN, Circuit Judges.

PER CURIAM.

The trustee in bankruptcy, who also is the principal creditor of the bankrupt estate, has appealed from an order of the District Judge denying and dismissing her petition for review of an order of the Referee. We affirm the District Court.

The bankrupt, a restaurant, was lessee under a written lease which provided that it should have the right, use and benefit of the lessor's state liquor license, and that the parties should take whatever steps are necessary under the law of Florida to make it possible for the lessee to fully utilize lessor's rights under the license. The crux of the trus-

tee's major contention is that the right to use of the license was a valuable asset to which the estate was entitled and of which it had been deprived. Almost three years after bankruptcy the referee granted a petition of the lessor to declare the lease cancelled and to return to the lessor control of the leased property. The referee found that the officers and directors of the bankrupt had never exercised their judgment to acquire the right to use the license, so that it had remained an asset of the lessor and had never come into the estate. In addition he found that the lessor had received no rent since the first month after bankruptcy (nearly three years past), that the estate had no substantial assets with which to pay rent, and that the landlord had no security or other hope of reasonable compensation for continuing the lease. In short, the referee found that the liquor license was never part of the estate, but if the estate did have some interest in the license as an incident of the lease that interest had to be disclaimed or abandoned by reason of the inability of the estate to pay the lessor any rent, past, present or future.

The record before us contains no showing that the findings of fact of the referee are plainly erroneous, Bazemore v. Stehling, 396 F.2d 701 (5th Cir. 1968), or that he committed any error of law.[1]

The trustee also makes wide-ranging and numerous charges of fraud, conspiracy and other improprieties directed at the predecessor trustee, the lessor and his attorney, principals of the bankrupt corporation, numerous other persons who have had some contact with the estate, and attacks the administration of bankruptcy affairs in general. The answer to these charges is that, however keenly the trustee may feel that they have merit, nothing is presented to us to upset the finding of the referee that the charges are only accusations unsupported by either testimony or documentary evidence.

We have considered all of the trustee's numerous other assertions of error. None is shown to have any merit.

Affirmed.

---

[1]. Our disposition of the case makes it unnecessary for us to consider whether consistent with Florida liquor licensing laws the referee under any circumstances could have vested the bankrupt, or an assignee of the bankrupt, with any viable right to use or benefit of license.