In the Matter of John Alvin HUM-
PHRIES, Bankrupt.

FRIENDLY FINANCE DISCOUNT COR-
PORATION, Appellant,

v.

John Alvin HUMPHRIES, Bankrupt,
Appellee.

No. 72-2282

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Nov. 20, 1972.

John Griffin Loftin, Monroe, La., for appellant.

Bennie Mac Farrar, Monroe, La., for appellee.

Before THORNBERRY, COLEMAN and INGRAHAM, Circuit Judges.

PER CURIAM:

We are in agreement with the well reasoned opinion of the district court, appended hereto, and its judgment is affirmed.

APPENDIX

EDWIN F. HUNTER, Jr., District Judge:

Friendly Finance filed for Review of the decision of the Referee who had denied its objection to discharge, in general, as the discharge of its particular debt. The debt in question amounts to approximately $5,000.00. John A. Humphries, the bankrupt, obtained loans totalling $2,800.00. He paid back $1,700.-00. However, his indebtedness to Friendly Finance was increased in a little over a year to $4,000, plus an attorney's fee of $1,000.

Petitioner, Friendly Finance, alleges several errors in the findings: (1) the bankrupt committed offenses punishable by imprisonment under 18 U.S.C. § 152; (2) he has failed to keep or preserve books; (3) he has transferred property to defraud or delay his creditors; and (4) he has not satisfactorily explained where his assets have gone. Any of the above, if correct, would require denial of the discharge generally. 11 U.S.C. § 32(c), (1970). In addition, petitioner seeks to have its particular debt declared

---

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409.

non-dischargeable because of its reliance on a materially false statement provided by the bankrupt.

Having exhaustively reviewed the record as a whole, and keeping in mind that findings of the Referee are to be set aside only when they are clearly erroneous, we affirm the findings. In re Hippler (W.D.La., 1968), 278 F.Supp. 753, 755. General Order 47; Porterfield v. Gerstel, 249 F.2d 634 (5th Cir., 1957); Phillips v. Baker (5th Cir., 1948), 165 F.2d 578.

The record indicates the bankrupt's omissions were a result of oversight and misunderstanding. There is no showing that his acts were done with a knowledge that they were untrue. Kentile Floors v. Winham (9th Cir., 1971), 440 F.2d 1128, 1130. In addition, the petitioner, in Assigned Error 3, alleges that property was transferred to defraud, delay or hinder the creditors. The facts simply do not substantiate that claim. No showing was made that the bankrupt had actual intent to hinder, delay or defraud creditors. Halpern v. Schwartz (2nd Cir., 1970), 426 F.2d 102, 104.

Specification of Errors 2 and 4 cannot be sustained. An ordinary wage earner is not required to keep books, and, as the Referee pointed out, nothing unusual exists in this case to require such action. Since the ordinary wage earner is not required to maintain books, he cannot be held accountable for each dollar he spent in the last three years. The general rule is that objections must be specific. All of the precise questions asked by the finance company have here been answered by the bankrupt.

We have previously considered the problem of the dischargeability of a particular debt when a finance company claims to have relied on a false statement. In re Dye, 330 F.Supp. 895 (W. D.La., 1971); Bazemore v. Stehling (5th Cir., 1968), 396 F.2d 701. The law applied to that case controls the present case. We therefore affirm the Referee in all particulars.