In re Cheryl E. McADAMS, Debtor.

**Ralph A. FOSTER and Carolyn Foster, Plaintiffs,**

v.

**Cheryl E. McADAMS, Defendant.**

Bankruptcy No. 80–00223.
Adv. No. 80–0130.

United States Bankruptcy Court,
D. Vermont.

Dec. 9, 1980.

Joseph C. Palmisano, Barre, Vt., for plaintiffs.

Jose Monte, Barre, Vt., for defendant-debtor.

## FINDINGS OF FACT AND MEMORANDUM

CHARLES J. MARRO, Bankruptcy Judge.

This is an adversary proceeding on the complaint to determine dischargeability of debt. It is predicated on Sec. 523(a)(2) which makes non-dischargeable a debt for obtaining money, property or services by actual fraud or a false representation.

### FINDINGS OF FACT

The debtor filed her petition for relief under Chapter 7 on October 14, 1980. She listed the plaintiffs as unsecured creditors in the sum of $3,000.00.

In May, 1979 the plaintiffs and the defendant negotiated for the sale of a house and about an acre of land in Williamstown, Vermont for $38,000.00. It was to be financed for the debtor by the FHA which would approve a loan of only $35,000.00. To cover the balance the debtor executed and delivered to the plaintiffs a promissory note dated May 7, 1979 in the sum of $3,000.00 to be amortized in monthly installments over a period of four years. The transfer of the property from the plaintiffs to the defendant occurred on August 6, 1979.

The entire transaction was negotiated in behalf of the plaintiffs by Ralph A. Foster who was in business and, for some unexplained reason, requested the debtor to meet him at the Exxon Station in Williamstown to sign the note. There was never any promise on the part of the defendant to give the plaintiffs a mortgage to secure the note.

In August, 1980 the defendant put the property up for sale for $40,000.00 under a listing agreement which has since expired. At that time she indicated to the plaintiffs that if the sale was consummated she would pay them whatever was left after paying off the mortgage, the real estate commission and all other expenses. She estimated the balance to be about $1,000.00. However, the property was withdrawn from the market and it has not been sold.

There was no discussion about a second mortgage to be given by the defendant to the plaintiffs when she purchased the property. However, the plaintiff, Ralph A. Foster, did in August, 1980 when the property was placed on the market request a second mortgage but was informed by the defendant that she would not sign it.

The defendant never represented to the plaintiffs that she had any funds other than what she earned. She lost her job on June 7, 1980 and has been drawing unemployment benefits since that date.

The defendant made as many payments on the promissory note as her income would permit and as of the date of the filing of her petition for relief she had paid seven installments of $80.00 each for a total of $560.00.

The balance due on the note is $2,440.00.

## MEMORANDUM

The plaintiff's gravamen consists of false representations relied upon by the debtor in two categories: (1) that she had funds available with which to pay off the $3,000.00 note at the time of closing the transfer of the property to her in August, 1979 when in fact she did not; (2) that she agreed to pay off the $3,000.00 note out of the proceeds of the sale of the property by her in July, 1980 and in fact did not do so. There is not a scintilla of evidence to support the allegations in the plaintiff's complaint. The undisputed testimony of the debtor which unqualifiedly withstood the test of cross-examination exonerates her completely.

A creditor who objects to the discharge of a debt because of false representations assumes a heavy burden. The frauds included in the portion of Section 523(a)(2)(A) of the Code, upon which the plaintiff relies, are those which in fact involve moral turpitude or intentional wrong; fraud implied in law which may exist without imputation of bad faith or immorality is insufficient. It must further affirmatively appear that such representations were knowingly and fraudulently made and that they were relied upon by the other party. 3 Collier 15th Edition 523–39 and 523–40 Sec. 523.08(4).

The courts, under Sec. 17(a) of the Bankruptcy Act, the forerunner of Sec. 523 under the Code and couched in the same language, have uniformly construed that false pretenses or false representations entail frauds which involve moral turpitude or intentional wrong and not those implied in law. *Underwood v. Ajax Rubber Company, Inc.*, Tex.Civ.App., 296 S.W. 964, 11 Am. B.R. (N.S.) 488; *In the Matter of Noble*, D.C., 42 F.Supp. 684, 48 Am.B.R. (N.S.) 391. See also cases cited under Note 12, 3 Col., 15th Ed. 523–39.

The testimony adduced by the plaintiff was not only insufficient to establish a prima facie case but also tended to thwart the purpose of the Bankruptcy Act which is to give the debtor a "new opportunity in life and a clear field for future effort, unhampered by the pressure of preexisting debt...." *Lines v. Frederick*, 400 U.S. 18, 19, 91 S.Ct. 113, 113–114, 27 L.Ed.2d 124 (1970). This view is supported by the absence at the hearing of plaintiff Ralph A. Foster who conducted all of the transactions with the debtor and was apparently responsible for the allegations in the complaint charging fraud. A trip to Maine was represented by his attorney as an explanation for his failure to appear. Under the circumstances the Court is inclined to question the good faith of the plaintiffs in prosecuting the complaint. Rather it seems to be an attempt to impair the debtor's fresh start and is contrary to the spirit of the Bankruptcy Code.

Judgment dismissing the action is being entered.