In re Burdette C. SHARPE, Debtor.

Douglass WENDEL, Trustee, Plaintiff,

v.

Burdette C. SHARPE, Defendant.

Bankruptcy No. 81–00849–BKC–TCB. Adv. No. 81–0460–BKC–TCB–A.

United States Bankruptcy Court, S. D. Florida.

Dec. 4, 1981.

Thomas V. Close, West Palm Beach, Fla., for debtor.

Daniel Bakst, West Palm Beach, Fla., for trustee.

## MEMORANDUM DECISION

THOMAS C. BRITTON, Bankruptcy Judge.

The trustee opposes the debtor's discharge under 11 U.S.C. § 727(a)(2)(A) and (B), (3), (4)(A) and (D) and (7). (C.P.No. 1). The debtor has answered. (C.P.No. 6). The matter was tried on the basis of the transcripts of the § 341 first meeting of creditors and depositions of the debtor and his wife. At the trial held on November 3, 1981, the debtor testified to supplement the written record.

The debtor, is a retired engineer. He has previously been engaged in engineering de-

velopment projects through his employment and investments in several corporations. The debtor's projects depended upon funding from outside sources, as well as from his personal funds. The debtor admits that money was going into many "deals" at the time he was engaged in business. A number of the corporate entities with which the debtor was connected never issued stock, never were awarded contracts and never made any money. The debtor's last principal project was Energy Management Consultants, Inc. This corporation ceased conducting engineering activities in 1979 when anticipated funding from an outside investor did not materialize.

The trustee first objects to the debtor's discharge on the ground that the debtor has fraudulently transferred or concealed property within one year before bankruptcy. The allegations specifically refer to household furnishings and art objects worth $50,000, gold coins and gold certificates. The debtor listed these items as personal assets on a financial statement filed with the Mall Bank in December, 1978.

■ The debtor filed a voluntary petition under chapter 7 on June 4, 1981. I conclude from the debtor's testimony that he sold pieces of his art collection, gold coins and gold certificates at various times in 1978 and 1979 when he needed cash. He has provided the names of dealers to whom the sales were made. In 1978, the debtor gave three pieces of the Boehm Tut collection to his wife as a gift. These pieces were duplicates of pieces in the debtor's collection.

The trustee has the burden of proving facts essential to his objection. B.R. 407. I find that the trustee has not established that the debtor transferred or concealed the art objects, gold coins and gold certificates within the one year prior to bankruptcy.

■ In his schedules filed with his bankruptcy petition, the debtor failed to list the furnishings as assets. It is clear that the omission of the assets from the schedules was not the result of oversight or misunderstanding. *In re Humphries*, 469 F.2d 643 (5th Cir. 1972).

The debtor has testified that his wife purchased the furnishings with her earn-ings. He explains that he included the items of household furnishings on the financial statement by mistake. I believe that the debtor was and remains the owner. Documentation to establish the fact of the wife's ownership would be within the debtor's possession or control. In this instance, the burden rests on him to produce such evidence. *Allstate Finance Corp. v. Zimmerman*, 330 F.2d 740, 744 (5th Cir. 1974).

The concealment of assets worth $23,000 was deliberate and with an actual intent to defraud creditors. The furnishings remain in the debtor's home. The only change since the debtor claimed ownership of the items in 1978 is the debtor's changed financial condition and his filing a petition in bankruptcy. The circumstances establish a basis to infer an intent to defraud. 4 *Collier on Bankruptcy* (15th ed.) ¶ 727.02[3]. On this ground, discharge must be denied under § 727(a)(2)(A).

■ The trustee's second asserted ground for objection to discharge is the debtor's failure to keep and preserve any recorded information including books, documents, records and papers from which the debtor's financial condition or business transactions might be ascertained.

The debtor has no records of the sales of his art objects. The explanation offered by the debtor is that he collected as a hobby and would have no need for records. The debtor invested the proceeds of the sales in his business projects. The principle that in some instances there is no duty to keep records is not applicable under these facts. 4 *Collier on Bankruptcy* (15th ed.) ¶ 727.-03[3] n. 32.

■ The trustee has also shown that the debtor failed to maintain records relating to the sale of 40 acres of mining property. This property was valued at $100,000 on the 1978 financial statement. The debtor's investments in numerous businesses constitute material business transactions for which records are lacking.

The debtor has offered no adequate justification to explain the nonexistence of records of his financial affairs. I believe that the debtor was sophisticated in business.

His business transactions were complex. The debtor explains the lack of records by the fact that the businesses were not making any money. I cannot accept as a justification the implication that a debtor engaged in a failing business is not bound by the statutory requirement of providing adequate books and records. *Goff v. Russell Co.*, 495 F.2d 199, 202 (5th Cir. 1974). I find that the proof is sufficient to deny discharge under § 727(a)(3).

The trustee also objects to discharge under the provisions of § 727(a)(4) which require denial of discharge for a debtor who:

> "knowingly and fraudulently in or in connection with the case (A) made a false oath or account, or (D) withheld from an officer of the estate entitled to possession under this title, any recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs."

The debtor's sworn statement on his Statement of Affairs reflects that he has not been in a partnership with anyone, or engaged in any business during the six years immediately preceding the filing of his petition. The debtor also answered that he has not maintained a bank account within the two years immediately preceding the filing of the petition. The information given in these answers is false. The debtor subsequently in this proceeding honestly responded to the trustee's questions concerning these matters. This later information was given by the debtor in a cooperative spirit.

I believe the debtor's testimony that he relied on the advise of counsel in not listing his interest in corporate entities. An inference of fraud is generally rebutted by an explanation by a debtor that he acted on the advice of counsel who in turn was fully aware of all the relevant facts. *In re Topper*, 229 F.2d 691, 693 (3rd Cir. 1956). I also believe that the debtor inadvertently forgot to list his interest in an unsuccessful restaurant business and that he had forgotten exactly when he closed his checking account.

Although I conclude that the debtor's false answers pertaining to these two matters were the result of mistaken information or carelessness, I reach a different conclusion with respect to his failure to list $23,000 worth of home furnishings on his schedule. Failure to disclose his ownership of assets is a material misrepresentation. I find that the omission by the debtor was knowing and fraudulent.

The false oath includes statements made under oath by the debtor when he was examined at the creditors' meeting and at the trial in this proceeding. 4 *Collier on Bankruptcy* (15th ed.) ¶ 727.04[2]. The debtor testified in both instances that his wife was the owner of the assets in question. The requirements for a denial of discharge under § 727(a)(4)(A) have been met.

I find that the trustee's allegation under § 727(a)(4)(D) is not sustained by this record. The debtor failed to keep recorded information relating to his property or financial affairs. His lack of records rather than a knowing and fraudulent withholding of records is substantiated by the proof.

It follows that the debtor's discharge must be denied under 11 U.S.C. § 727(a)(2)(A), (3) and (4)(A). As is required by B.R. 921(a), a separate judgment will be entered accordingly. Costs will be taxed on motion.